NUMBER 13-03-098-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

LUIS SEGURA, JR.,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 139th District Court
of Hidalgo County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Luis Segura, Jr., was indicted on two felony counts of aggravated
sexual assault. See Tex. Pen. Code Ann. § 22.021 (Vernon 2003). A jury acquitted
appellant on the first count of the indictment, but found him guilty on the second
count. Appellant was sentenced to eighteen years imprisonment and fined $5,000.00. 
Appellant challenges his conviction by five points of error. We affirm.
         The trial court has certified that this case is not a plea-bargain case, and the
defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2). 
I. FACTS
         As this is a memorandum opinion, and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
II. SUFFICIENCY OF THE EVIDENCE
         We construe appellant’s first point of error as a challenge to the sufficiency of
the evidence supporting the guilty verdict.
A. Standard of Review
         In a legal sufficiency review, this Court must examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Evidence is not rendered insufficient
when conflicting evidence is introduced. Matchett v. State, 941 S.W.2d 922, 936
(Tex. Crim. App. 1996). The reviewing court must assume that the fact finder
resolved conflicts, including conflicting inferences, in favor of the verdict, and must
defer to that resolution. Id. 
         On appeal, we measure the legal sufficiency of the evidence by the elements of
the offense as defined by a hypothetically correct jury charge. Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge accurately sets out the law,
is authorized by the indictment, does not unnecessarily increase the State’s burden of
proof or unnecessarily restrict the State’s theories of liability, and adequately describes
the particular offense for which the defendant is being tried. Id.  
         We also measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. See Adi v.
State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref’d). In evaluating
the factual sufficiency of the evidence, this Court must complete a neutral review of
all the evidence. Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002);
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We must then determine
whether the proof of guilt is so obviously weak as to undermine confidence in the
jury’s determination or whether the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. King, 29 S.W.3d at 563; Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We are also required to accord due
deference to the fact-finder’s determinations on the weight and credibility of the
evidence and may not merely substitute our own judgment. Swearingen v. State, 101
S.W.3d 89, 97 (Tex. Crim. App. 2003). 
B. Analysis
         Appellant contends that the evidence is legally and factually insufficient to
support a guilty verdict for aggravated sexual assault based on the allegations found
in paragraph one of count two of the indictment. To prove aggravated sexual assault
under the theory alleged in paragraph one, the State was required to prove that: (1)
on or about March 28, 2002, appellant did then and there intentionally or knowingly
cause his sexual organ to penetrate the mouth of the victim; and (2) the victim was
a child younger than seventeen years of age and was not the spouse of appellant; and
(3) the victim was then and there younger than fourteen years of age. See Tex. Pen.
Code Ann. §§ 22.011(c)(1); 22.021(a)(1)(B)(ii); 22.021(a)(2)(B) (Vernon 2003); see
Malik, 953 S.W.2d at 240. 
         In support of this allegation, the State called the victim to testify. The victim
was nine years old at the time of trial. She testified that appellant forced her to
perform oral sex on him while her mother was away from the house. The victim 
described appellant’s sexual organ and what appellant was wearing. The victim also
described the positions they were in while she performed oral sex. On cross
examination, however, the victim testified she did not know where the male sexual
organ was located. In addition, the victim testified that she did not tell her mother
what had happened initially because appellant had threatened to hit her.
         Appellant’s wife, who is also the victim's mother, testified that at the time of
the alleged events, appellant, a truck driver, was on the road. He was also a patient
in a Florida hospital for a period of time during the month of March. Appellant’s wife
also testified that the victim had told lies in the past but that she believed the victim
was telling the truth regarding the sexual assault.
         Nonetheless, testimony of a sexual abuse victim alone is sufficient to support
a conviction. Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978). Courts
give wide latitude to testimony given by child victims of sexual abuse. Villalon v.
State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). The victim’s description need
not be precise in describing what happened to her, and she is not expected to express
herself at the same level of sophistication as an adult. Id. There is no requirement
that the victim’s testimony be corroborated by medical or physical evidence. Garcia,
563 S.W.2d at 928; Kemple v. State, 725 S.W.2d 483, 485 (Tex. App.—Corpus
Christi 1987, no writ).
         Reviewing this evidence in the light most favorable to the verdict, see Jackson,
443 U.S. at 319, and assuming the fact finder resolves conflicts in favor of the
verdict, see Matchett, 941 S.W.2d at 936, we conclude any rational trier of fact could
have found the essential elements of aggravated sexual assault beyond a reasonable
doubt. Therefore, the evidence is legally sufficient to sustain the conviction of
aggravated sexual assault. Moreover, after reviewing all of the evidence neutrally, see
Vasquez, 67 S.W.3d at 236, and according due deference to the fact finder’s
determination of the weight and credibility of the evidence, see Swearingen, 101
S.W.2d at 97, we conclude that the proof of guilt is not so obviously weak as to
undermine confidence in the jury’s determination. See King, 29 S.W.3d at 563. Nor
is the proof of guilt, although adequate if taken alone, greatly outweighed by contrary
proof. See id. Therefore, the evidence is factually sufficient to support appellant’s
conviction. Appellant’s first point of error is overruled.
III. MOTION FOR INSTRUCTED VERDICT
         By his second point of error, appellant contends the trial court erred in denying
his motion for instructed verdict as to paragraph two of count two.


 Paragraph two
reads, in relevant part, as follows:
[Segura], on or about the 28th day of March A.D., 2002, and before the
presentment in this indictment, in Hidalgo County, Texas, did then and
there intentionally or knowingly cause the finger of . . . a child who was
then and there younger than 14 years of age and not the spouse of the
defendant, to penetrate the anus of the defendant[.]

         A point of error complaining about a trial court's failure to grant a motion for
directed verdict is treated as a challenge to the legal sufficiency of the evidence. 
Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). However, "[i]t is
well-settled that when a general verdict is returned and the evidence is sufficient to
support a finding of guilt under any of the paragraph allegations submitted the verdict
will be upheld." Fuller v. State, 827 S.W.2d 919, 931 (Tex. Crim. App. 1992) (en
banc); Rabbani v. State, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992). Therefore,
even assuming the trial court erred in failing to grant appellant's motion for directed
verdict as to paragraph two of count two, the verdict will be upheld because the jury
returned a general verdict and because we have concluded the evidence is sufficient
to support the allegations of aggravated sexual assault found in paragraph one of
count two. Accordingly, appellant's second point of error is overruled.IV. LESSER-INCLUDED OFFENSE
         By his third point of error, appellant contends the trial court erred in denying his
request for a lesser-included offense of indecency with a child in the jury charge.


 See
Tex. Pen. Code Ann. § 21.11 (Vernon 2003). In response, the State argues that
appellant failed to request a charge on any lesser-included offense and, thus, did not
preserve error on this issue. Assuming without deciding whether appellant preserved
error, under the facts of this case, we conclude the trial court was not required to give
a jury charge instruction on indecency with a child as a lesser-included offense.
A. Standard of Review
         When we review alleged charge error, we determine: (1) whether error actually
exists in the charge; and (2) whether any resulting harm requires reversal. Castaneda
v. State, 28 S.W.3d 685, 694 (Tex. App.—Corpus Christi 2000, no pet.); see Mann
v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998).
B. Analysis
         The Texas Court of Criminal Appeals has held that indecency with a child can
be a lesser-included offense of aggravated sexual assault. See Ochoa v. State, 982
S.W.2d 904, 907-12 (Tex. Crim. App. 1998). However, whether it is a lesser-included offense of aggravated sexual assault depends on the facts of each case. 
DeMoss v. State, 12 S.W.3d 553, 560 (Tex. App.—San Antonio 1999, pet. ref’d). 
A charge on the lesser-included offense of indecency with a child is required if the
evidence at trial raises the issue that appellant intended to arouse and gratify his
sexual desire while in the course of committing the alleged penetration of the victim.


 
Ochoa, 982 S.W.2d at 908.
         In this case, a charge on the lesser-included offense of indecency with a child
is not required because the evidence does not raise the issue that appellant intended
to arouse and gratify his sexual desire within the course of committing aggravated
sexual assault. See id. There was no evidence of conduct leading up to but just short
of penetration that would constitute indecency with a child. Cunningham v. State,
726 S.W.2d 151, 155 (Tex. Crim. App. 1987). Accordingly, the trial court did not err
in denying appellant's request, if any, for a lesser-included offense of indecency with
a child in the jury charge. See Castaneda, 28 S.W.3d at 694. Appellant’s third point
of error is overruled.
V. CHILD WITNESS TESTIMONY
         By his fourth point of error, appellant contends the trial court erred in allowing
the child witnesses to testify via closed circuit television. However, a review of the
record reveals the children testified before a live jury. Appellant’s contention has no
merit; thus we overrule appellant’s fourth point of error.
VI. CLOSING ARGUMENT
         By his fifth point of error, appellant contends the trial court erred in allowing the
prosecution’s closing arguments to inflame the jury. 
A. Standard of Review
         The standard of review for improper jury argument is to review the record in its
entirety to determine whether any erroneous statements were made, and if so,
whether they were so prejudicial as to deprive the appellant of a fair and impartial trial. 
Willis v. State, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989). However, before a
defendant will be permitted to complain on appeal about an erroneous jury argument,
the defendant will have to show he objected and pursued his objection to an adverse
ruling. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); see Tex. R. App.
P. 33.1. The failure to object to a jury argument forfeits the right to complain about
the argument on appeal. Cockrell, 933 S.W.2d at 89. 
B. Analysis
         In this case, appellant conceded that he failed to object to the prosecution’s final
argument during the punishment phase of the trial. Because appellant failed to object,
appellant forfeited his right to complain about the argument on appeal. See id. 
Therefore, appellant’s fifth point of error is overruled. 
VII. CONCLUSION
         The judgment of the trial court is affirmed.                                                                                         
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 26th day of August, 2004.