COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-135-CR

PAUL ADAM WINGROVE A/K/A APPELLANT

PAUL S. WINGROVE 

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Paul Adam Wingrove appeals his conviction for aggravated sexual assault of a child and indecency with a child.  After finding Appellant guilty, the jury assessed his punishment at ten years’ confinement, and the trial court sentenced him accordingly.  In three points, Appellant asserts that the evidence is legally and factually insufficient to support his conviction and that the convictions constitute a violation of the Double Jeopardy Clause of the United States Constitution.  We affirm. 

FACTUAL BACKGROUND

Appellant had three children with Hope, D.W., M.W., and S.W.  In 2003, when D.W. was six, M.W. was five, and S.W. was four, S.W. mentioned to her great-aunt, Barbra, that her brothers had been having sex by sucking their “weenies” and that Appellant had taught them about that.  S.W. also told her that Appellant had licked her “gina,” which Barbra assumed referred to her vagina.  When confronted by Barbra, D.W. and M.W. told Barbra that Appellant had “showed them on the computer.”  During the same time period, M.W.’s aunt, Cynthia, found M.W. and his cousin, A.B., under the covers with their pants down.  The children informed Cynthia that Appellant had shown them pictures on the internet.

Cynthia testified that while the children were staying at her house, S.W. approached her and said that Appellant had touched her.  M.W. told Cynthia that Appellant had put toys in M.W.’s anus, put his mouth on M.W.’s private area, and had M.W. do the same to him.  D.W. told Cynthia that Appellant had touched him in his private area as well.  Cynthia informed Hope of the children’s allegations, and Hope called the police.

At trial, M.W. testified that, while in the bedroom, Appellant had touched him on his “privates” with his hand and that Appellant had pulled his pants down and touched him on his private area with his tongue.  D.W. testified that he had seen Appellant touch M.W. in his “private front.”

Virgina Caldwell, a registered nurse who is specially trained in sexual abuse evaluation of children and adolescents, examined M.W.  M.W. had told her that Appellant had “touched [him] in a bad place,” indicating to his genital area.  M.W. also informed Caldwell that Appellant had used his hand to touch M.W.’s privates and his anal area.  Caldwell testified that M.W. had some redness around his anus, but he did not have any bruises.  According to Caldwell, it was not unusual that she did not find any abnormalities “that far out of date.”
(footnote: 1)
 Prior to the submission of the jury charge on guilt/innocence, Appellant objected to the charge pertaining to the alleged offense against M.W. on the grounds that there was only one incident; thus, he could be convicted of either aggravated sexual assault or indecency with a child, but not both, because indecency with a child is a lesser included offense of aggravated sexual assault.  The trial court overruled Appellant’s objection.  The jury found Appellant guilty of aggravated sexual assault and indecency with a child.

DOUBLE JEOPARDY

In his third point, Appellant complains that his convictions for aggravated sexual assault and indecency with a child by conduct constitute double jeopardy. 

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  U.S. C
ONST
. amend. V.  Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  
Brown v. Ohio
, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); 
Ex parte Herron
, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh’g). 

Indecency with a child can be a lesser included offense of aggravated sexual assault, depending on the facts of the case.  
See Ochoa v. State
, 982 S.W.2d 904, 907-08 (Tex. Crim. App. 1998).  A person who commits more than one sexual assault against the same complainant may be convicted and punished for each separate act, even if the acts were committed in close temporal proximity.  
Vick v. State
, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999).  The statutes do not, however, authorize “‘stop-action’ prosecutions.”  
Patterson v. State
, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004).  That is, a defendant cannot be convicted for a completed act of sexual assault and also for conduct that is demonstrably part of the commission of the completed act. 
 Id.  
A conviction for a completed sexual assault bars a conviction for conduct that is demonstrably part of the commission of that offense.  
Id.
  For example, penile contact with genitals in the course of penile penetration is subsumed in a conviction for the penetration.  
Id.
; 
see Barnes v. State
, 165 S.W.3d 75, 87-88 (Tex. App.—Austin 2005, no pet.) (holding that convictions for sexual assault by penetration and by genital-to-genital contact based on a single act of penetration constituted double jeopardy).  However, even when two acts are committed in close temporal proximity, the acts still may be separate and distinct acts for double jeopardy purposes.  
Bottenfield v. 
State, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref’d), 
cert. denied
, 539 U.S. 916 (2003); 
Hutchins v. State
, 992 S.W.2d 629, 633 (Tex. App.—Austin 1999, pet. ref’d, untimely filed).

Appellant relies on 
Ochoa 
for the proposition that his convictions for aggravated sexual assault and indecency with a child by contact were based on the same act, and thus, violated double jeopardy clauses.  
See 
982 S.W.2d at 906.  In 
Ochoa
, the testimony at trial was that Ochoa touched the victim only once on a particular day.  
Id. 
 The court of criminal appeals found that the evidence indicated that 
Ochoa 
committed only one offense on that date and that the trial court should not have submitted the case to the jury in such a manner that would allow the jury to convict twice for the same offense.  
Id.
 

Appellant was convicted under count three of the indictment, which alleged that, while acting with the intent to arouse or gratify his sexual desire, he engaged in sexual contact by touching M.W.’s genitals.  Appellant was also convicted under count five, which alleged that he intentionally or knowingly caused M.W.’s sexual organ to contact his mouth.

The indecency offense required proof of the following facts: (1) Appellant engaged in sexual contact with M.W. by touching M.W.’s genitals, (2) with the intent to arouse or gratify Appellant’s sexual desire, and (3) M.W. was a child younger than seventeen years and not Appellant’s spouse.  
See
 
Tex. Penal Code Ann.
 § 21.11(a)(1), (c) (Vernon 2003).  The aggravated sexual assault offense required proof of the following facts: (1) Appellant intentionally or knowingly, (2) caused the sexual organ of M.W. to contact Appellant’s mouth, and (3) M.W. was a child under fourteen years old and not Appellant’s spouse.  
See
 Act of May 15, 2001, 77th Leg., R.S., ch. 459, § 5, 2001 Tex. Gen. Laws 893, 898-99 (amended 2003) (current version at 
Tex. Penal Code Ann.
 § 22.021(a)(1)(A)(iii) (Vernon Supp. 2006)).

M.W., who was six at the time of trial, testified that on one occasion, Appellant “touched [him] in the private” with his hand.  He also testified that Appellant “touched [his] private” with his tongue.  M.W.’s brother, D.W., who was seven at the time of trial, testified that he one time observed Appellant touching M.W. “in the front private,” but he could not recall whether Appellant was touching M.W. with his hand or his mouth.  M.W.’s aunt, Cynthia, testified that M.W. told her that Appellant had “stuck toys in him rectally, had put his mouth on his private area and had [M.W.] do the same to him.”

Here, although the two acts may have been committed during the same occurrence, Appellant’s touching M.W.’s genitals with his hand was a separate and distinct criminal act from putting M.W.’s sexual organs in his mouth.  
See Bottenfield
, 77 S.W.3d at 358; 
Hutchins
, 992 S.W.2d at 633.  The conviction for indecency with a child is supported by M.W.’s testimony that Appellant “touched his privates” with his hand, and the conviction for aggravated sexual assault is supported by M.W.’s testimony that Appellant “touched [his] privates” with his tongue. 

Because Appellant has not shown that his conviction for indecency with a child by conduct was based on the same conduct underlying his conviction for aggravated sexual assault of a child, his contention that these convictions constitute multiple punishments for the same offense is without merit.  Accordingly, we overrule Appellant’s third point.

LEGAL AND FACTUAL SUFFICIENCY

In his first and second points, Appellant contends that the evidence is legally and factually insufficient to support his conviction.

1. Standards Of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient: (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. 

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

2.  Applicable Law

As previously discussed, Appellant was convicted under counts three and five of the indictment, which alleged indecency with a child and aggravated sexual assault, respectively.  The indecency offense required proof of the following facts: (1) Appellant engaged in sexual contact with M.W. by touching M.W.’s genitals, (2) with the intent to arouse or gratify Appellant’s sexual desire, and (3) M.W. was a child younger than seventeen years and not Appellant’s spouse.  
See
 
Tex. Penal Code Ann.
 § 21.11(a)(1), (c).  The aggravated sexual assault offense requires proof of the following facts: (1) Appellant intentionally or knowingly, (2) caused the sexual organ of M.W. to contact Appellant’s mouth, and (3) M.W. was a child under fourteen years old and not Appellant’s spouse.  
See
 Act of May 15, 2001, 77th Leg., R.S., ch. 459, § 5, 2001 Tex. Gen. Laws 893, 898-99 (amended 2003).

3. Discussion

The testimony of a child complainant, in and of itself, is enough to support a conviction for sexual offenses under code of criminal procedure section 22.021, the aggravated sexual assault statute.  
Tex. Code Crim. Proc. Ann.
 art. 38.07(a), (b)(1) (Vernon 2005); 
Perez v. State
, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref’d) (holding that evidence was factually sufficient where the child victim testified to indecency crime in spite of defense claims that the child lacked credibility).  Moreover, the jury is the sole judge of the credibility of the witnesses and the weight to be given the evidence and may choose to believe all, some, or none of it. 
 Tex. Code Crim. Proc. Ann
. art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Appellant acknowledges that M.W. provided testimony that, if credible and believable, arguably could support the offense charged, but he contends that the “disturbingly irrational and incredible nature of the balance of [M.W.]’s testimony raises real and substantial doubts about the evidentiary value of his testimony.”  However, reconciliation of evidentiary conflicts is a function solely within the province of the jury
.  Losada v. State
, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).

M.W.’s testimony that Appellant “touched [his] privates” with his tongue is sufficient to support Appellant’s conviction for aggravated sexual assault.  
See 
Tex. Code Crim. Proc. Ann.
 art. 38.07(a), (b)(1); 
Perez
, 113 S.W.3d at 838.  M.W. also testified that Appellant “touched [his] privates” with his hand, which supports the conviction for indecency with a child.  Furthermore, in addition to M.W.’s testimony, D.M. testified that he observed Appellant touching M.W. “in the front private.”  Cynthia also testified that M.W. informed her that Appellant “put his mouth on [M.W.]’s private area.”  Caldwell testified that M.W. had told her that Appellant had “touched [him] in a bad place,” indicating to his genital area.

We hold that the evidence, when viewed in the light most favorable to the verdict, supports a determination beyond a reasonable doubt that Appellant committed the offenses of aggravated sexual assault and indecency with a child; therefore, we overrule Appellant’s first point.  Additionally, when viewed neutrally, the evidence is not so obviously weak or so greatly outweighed by contrary proof that it would not support the finding of guilty beyond a reasonable doubt.  Accordingly, we overrule Appellant’s second point.

CONCLUSION

Having overruled each of Appellant’s three points, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL F:  CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2006

FOOTNOTES
1: The sexual abuse allegations were reported to police on November 11, 2003, and Caldwell examined M.W. on December 1, 2003.