COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-135-CR

 

 

PAUL
ADAM WINGROVE A/K/A                                             APPELLANT

PAUL S. WINGROVE                                                                            

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Paul Adam Wingrove
appeals his conviction for aggravated sexual assault of a child and indecency
with a child.  After finding Appellant
guilty, the jury assessed his punishment at ten years= confinement, and the trial court sentenced him accordingly.  In three points, Appellant asserts that the
evidence is legally and factually insufficient to support his conviction and
that the convictions constitute a violation of the Double Jeopardy Clause of
the United States Constitution.  We affirm.









FACTUAL BACKGROUND

Appellant had three children
with Hope, D.W., M.W., and S.W.  In 2003,
when D.W. was six, M.W. was five, and S.W. was four, S.W. mentioned to her
great-aunt, Barbra, that her brothers had been having sex by sucking their Aweenies@ and that
Appellant had taught them about that. 
S.W. also told her that Appellant had licked her Agina,@ which
Barbra assumed referred to her vagina. 
When confronted by Barbra, D.W. and M.W. told Barbra that Appellant had Ashowed them on the computer.@  During the same time period,
M.W.=s aunt, Cynthia, found M.W. and his cousin, A.B., under the covers
with their pants down.  The children
informed Cynthia that Appellant had shown them pictures on the internet.

Cynthia testified that while
the children were staying at her house, S.W. approached her and said that
Appellant had touched her.  M.W. told
Cynthia that Appellant had put toys in M.W.=s anus, put his mouth on M.W.=s private area, and had M.W. do the same to him.  D.W. told Cynthia that Appellant had touched
him in his private area as well.  Cynthia
informed Hope of the children=s allegations, and Hope called the police.








At trial, M.W. testified
that, while in the bedroom, Appellant had touched him on his Aprivates@ with his
hand and that Appellant had pulled his pants down and touched him on his private
area with his tongue.  D.W. testified
that he had seen Appellant touch M.W. in his Aprivate front.@

Virgina Caldwell, a
registered nurse who is specially trained in sexual abuse evaluation of
children and adolescents, examined M.W. 
M.W. had told her that Appellant had Atouched [him] in a bad place,@ indicating to his genital area. 
M.W. also informed Caldwell that Appellant had used his hand to touch
M.W.=s privates and his anal area. 
Caldwell testified that M.W. had some redness around his anus, but he
did not have any bruises.  According to
Caldwell, it was not unusual that she did not find any abnormalities Athat far out of date.@[1]

Prior to the submission of
the jury charge on guilt/innocence, Appellant objected to the charge pertaining
to the alleged offense against M.W. on the grounds that there was only one
incident; thus, he could be convicted of either aggravated sexual assault or
indecency with a child, but not both, because indecency with a child is a
lesser included offense of aggravated sexual assault.  The trial court overruled Appellant=s objection.  The jury found Appellant
guilty of aggravated sexual assault and indecency with a child.

 








DOUBLE JEOPARDY

In his third point, Appellant
complains that his convictions for aggravated sexual assault and indecency with
a child by conduct constitute double jeopardy. 

The Double Jeopardy Clause of
the United States Constitution provides that no person shall be subjected to
twice having life or limb in jeopardy for the same offense.  U.S. CONST. amend. V.  Generally, this
clause protects against (1) a second prosecution for the same offense after
acquittal, (2) a second prosecution for the same offense after conviction, and
(3) multiple punishments for the same offense. 
Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); Ex
parte Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh=g). 








Indecency with a child can be
a lesser included offense of aggravated sexual assault, depending on the facts
of the case.  See Ochoa v. State,
982 S.W.2d 904, 907-08 (Tex. Crim. App. 1998). 
A person who commits more than one sexual assault against the same
complainant may be convicted and punished for each separate act, even if the
acts were committed in close temporal proximity.  Vick v. State, 991 S.W.2d 830, 833
(Tex. Crim. App. 1999).  The statutes do
not, however, authorize A>stop‑action= prosecutions.@  Patterson v. State, 152 S.W.3d 88, 92
(Tex. Crim. App. 2004).  That is, a
defendant cannot be convicted for a completed act of sexual assault and also
for conduct that is demonstrably part of the commission of the completed act.  Id.  A
conviction for a completed sexual assault bars a conviction for conduct that is
demonstrably part of the commission of that offense.  Id. 
For example, penile contact with genitals in the course of penile
penetration is subsumed in a conviction for the penetration.  Id.; see Barnes v. State, 165
S.W.3d 75, 87‑88 (Tex. App.CAustin 2005, no pet.) (holding that convictions for sexual assault by
penetration and by genital‑to‑genital contact based on a single act
of penetration constituted double jeopardy). 
However, even when two acts are committed in close temporal proximity,
the acts still may be separate and distinct acts for double jeopardy
purposes.  Bottenfield v. State,
77 S.W.3d 349, 358 (Tex. App.CFort Worth 2002, pet. ref=d), cert. denied, 539 U.S. 916 (2003); Hutchins v. State,
992 S.W.2d 629, 633 (Tex. App.CAustin 1999, pet. ref=d, untimely filed).








Appellant relies on Ochoa for
the proposition that his convictions for aggravated sexual assault and
indecency with a child by contact were based on the same act, and thus,
violated double jeopardy clauses.  See
982 S.W.2d at 906.  In Ochoa,
the testimony at trial was that Ochoa touched the victim only once on a
particular day.  Id.  The court of criminal appeals found that the
evidence indicated that Ochoa committed only one offense on that date
and that the trial court should not have submitted the case to the jury in such
a manner that would allow the jury to convict twice for the same offense.  Id. 

Appellant was convicted under
count three of the indictment, which alleged that, while acting with the intent
to arouse or gratify his sexual desire, he engaged in sexual contact by
touching M.W.=s
genitals.  Appellant was also convicted
under count five, which alleged that he intentionally or knowingly caused M.W.=s sexual organ to contact his mouth.

The indecency offense
required proof of the following facts: (1) Appellant engaged in sexual contact
with M.W. by touching M.W.=s genitals, (2) with the intent to arouse or gratify Appellant=s sexual desire, and (3) M.W. was a child younger than seventeen years
and not Appellant=s
spouse.  See Tex. Penal Code Ann. ' 21.11(a)(1), (c) (Vernon 2003). 
The aggravated sexual assault offense required proof of the following
facts: (1) Appellant intentionally or knowingly, (2) caused the sexual organ of
M.W. to contact Appellant=s mouth, and
(3) M.W. was a child under fourteen years old and not Appellant=s spouse.  See Act of May
15, 2001, 77th Leg., R.S., ch. 459, ' 5, 2001 Tex. Gen. Laws 893, 898-99 (amended 2003) (current version at
Tex. Penal Code Ann. ' 22.021(a)(1)(A)(iii) (Vernon Supp. 2006)).








M.W., who was six at the time
of trial, testified that on one occasion, Appellant Atouched [him] in the private@ with his hand.  He also
testified that Appellant Atouched
[his] private@ with his
tongue.  M.W.=s brother, D.W., who was seven at the time of trial, testified that he
one time observed Appellant touching M.W. Ain the front private,@ but he could not recall whether Appellant was touching M.W. with his
hand or his mouth.  M.W.=s aunt, Cynthia, testified that M.W. told her that Appellant had Astuck toys in him rectally, had put his mouth on his private area and
had [M.W.] do the same to him.@

Here, although the two acts
may have been committed during the same occurrence, Appellant=s touching M.W.=s genitals
with his hand was a separate and distinct criminal act from putting M.W.=s sexual organs in his mouth.  See
Bottenfield, 77 S.W.3d at 358; Hutchins, 992 S.W.2d at 633.  The conviction for indecency with a child is
supported by M.W.=s testimony
that Appellant Atouched his
privates@ with his hand, and the conviction for aggravated sexual assault is
supported by M.W.=s testimony
that Appellant Atouched
[his] privates@ with his
tongue. 

Because Appellant has not
shown that his conviction for indecency with a child by conduct was based on
the same conduct underlying his conviction for aggravated sexual assault of a
child, his contention that these convictions constitute multiple punishments
for the same offense is without merit. 
Accordingly, we overrule Appellant=s third point.

 








LEGAL AND FACTUAL SUFFICIENCY

In his first and second
points, Appellant contends that the evidence is legally and factually
insufficient to support his conviction.

1. Standards Of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: (1) when the evidence supporting
the verdict or judgment, considered by itself, is too weak to support the
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both
supporting and contradicting the verdict or judgment and, weighing all of the
evidence, the contrary evidence is so strong that guilt cannot be proven beyond
a reasonable doubt.  Id. at
484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 

In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

2.  Applicable Law








As previously discussed,
Appellant was convicted under counts three and five of the indictment, which
alleged indecency with a child and aggravated sexual assault,
respectively.  The indecency offense
required proof of the following facts: (1) Appellant engaged in sexual contact
with M.W. by touching M.W.=s genitals, (2) with the intent to arouse or gratify Appellant=s sexual desire, and (3) M.W. was a child younger than seventeen years
and not Appellant=s
spouse.  See Tex. Penal Code Ann. ' 21.11(a)(1), (c).  The
aggravated sexual assault offense requires proof of the following facts: (1)
Appellant intentionally or knowingly, (2) caused the sexual organ of M.W. to
contact Appellant=s mouth, and
(3) M.W. was a child under fourteen years old and not Appellant=s spouse.  See Act of May
15, 2001, 77th Leg., R.S., ch. 459, ' 5, 2001 Tex. Gen. Laws 893, 898-99 (amended 2003).

3. Discussion








The testimony of a child
complainant, in and of itself, is enough to support a conviction for sexual
offenses under code of criminal procedure section 22.021, the aggravated sexual
assault statute.  Tex. Code Crim. Proc. Ann. art. 38.07(a), (b)(1) (Vernon
2005); Perez v. State, 113 S.W.3d 819, 838 (Tex. App.CAustin 2003, pet. ref=d) (holding that evidence was factually sufficient where the child
victim testified to indecency crime in spite of defense claims that the child
lacked credibility).  Moreover, the jury
is the sole judge of the credibility of the witnesses and the weight to be
given the evidence and may choose to believe all, some, or none of it.  Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v. State,
34 S.W.3d 912, 919 (Tex. Crim. App. 2000). 
Appellant acknowledges that M.W. provided testimony that, if credible
and believable, arguably could support the offense charged, but he contends
that the Adisturbingly
irrational and incredible nature of the balance of [M.W.]=s testimony raises real and substantial doubts about the evidentiary
value of his testimony.@  However, reconciliation of evidentiary
conflicts is a function solely within the province of the jury.  Losada v. State, 721 S.W.2d 305, 309
(Tex. Crim. App. 1986).

M.W.=s testimony that Appellant Atouched [his] privates@ with his tongue is sufficient to support Appellant=s conviction for aggravated sexual assault.  See Tex.
Code Crim. Proc. Ann. art. 38.07(a), (b)(1); Perez, 113 S.W.3d at
838.  M.W. also testified that Appellant Atouched [his] privates@ with his hand, which supports the conviction for indecency with a
child.  Furthermore, in addition to M.W.=s testimony, D.M. testified that he observed Appellant touching M.W. Ain the front private.@  Cynthia also testified that
M.W. informed her that Appellant Aput his mouth on [M.W.]=s private area.@  Caldwell testified that M.W. had told her
that Appellant had Atouched [him]
in a bad place,@ indicating
to his genital area.








We hold that the evidence,
when viewed in the light most favorable to the verdict, supports a
determination beyond a reasonable doubt that Appellant committed the offenses
of aggravated sexual assault and indecency with a child; therefore, we overrule
Appellant=s first
point.  Additionally, when viewed
neutrally, the evidence is not so obviously weak or so greatly outweighed by
contrary proof that it would not support the finding of guilty beyond a
reasonable doubt.  Accordingly, we
overrule Appellant=s second
point.

CONCLUSION

Having overruled each of
Appellant=s three
points, we affirm the trial court=s judgment.

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL
F:  CAYCE, C.J.; LIVINGSTON and HOLMAN,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2006











[1] The sexual abuse allegations were
reported to police on November 11, 2003, and Caldwell examined M.W. on December
1, 2003.