COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

NOS.   2-06-049-CR

2-06-106-CR

 

 

ADAM SARABIA                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant Adam
Sarabia appeals from (1) his conviction by a jury for four counts of aggravated
sexual assault and (2) his conviction on his pleas of guilty to one count of
promotion of child pornography and three counts of possession of child
pornography.  In two issues, Appellant
complains that the trial court erred by admitting evidence of child pornography
in the assault trial because the admission of the evidence violated rules 403
and 404(b) and because the evidence was seized under a Adefective@ search
warrant.  We affirm.

Background.

On September 9,
2004, S.H., a twelve-year-old boy, made an outcry to police that (1) he had a
sexual relationship with Appellant, a thirty-eight-year-old man, and (2)
Appellant had shown him a child pornography image on Appellant=s computer.  A search warrant for Appellant=s home was issued
and executed on September 10, 2004, and police found computer discs containing
child pornography.

A grand jury
indicted Appellant for four counts of aggravated sexual assault of a child, one
count of promotion of child pornography, and three counts of possession of
child pornography.  On Appellant=s motion, the
trial court severed the assault prosecution from the child pornography
prosecution.








During the
guilt/innocence phase of the assault trial, S.H. testified that he engaged in
oral and anal sex with Appellant several times in June and July 2004.  S.H. said that after their last sexual
encounter, Appellant showed him a photograph of a naked child on Appellant=s computer and
asked him if he liked it.  S.H.
identified the photograph, the State offered it into evidence, and the trial
court admitted it over Appellant=s rule 403 and
404(b) objections.  The State also
introduced, over Appellant=s objection, two
contact sheets of several images depicting child pornography compiled from the
computer discs found during the search of Appellant=s residence.  The jury convicted Appellant on four counts
of aggravated sexual assault of a child and assessed punishment at sixty years= confinement for
each count.

In the child
pornography prosecution, Appellant filed a motion to suppress the pornography
seized from his residence, arguing that the outcry information recited in the
search warrant affidavit was stale because the affidavit failed to state when
S.H. saw child pornography on Appellant=s computer.  After the trial court denied the motion to
suppress, Appellant pleaded guilty to one count of promotion of child
pornography and three counts of possession of child pornography.  The trial court sentenced him to twenty years= confinement for
the first count and ten years= confinement for
each of the other three counts. 

                        Admission of child
pornography in assault trial.

In his first
point, Appellant argues that the trial court erred by admitting the child pornography
into evidence during the assault trial over his rule 403 and 404(b)
objections.  The exhibits in question
comprise the one photograph S.H. testified he saw on Appellant=s computer and two
contact sheets of photographs S.H. did not see. 
We review a trial court=s evidentiary
rulings for an abuse of discretion.  Sauceda
v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).








Under rule 404(b),
evidence of other crimes, wrongs, or bad acts is inadmissible if it is offered
to prove the character of a person in order to show action in conformity
therewith, but it may be admissible for other purposes, such as proof of
motive, opportunity, intent, absence of mistake or accident, or to rebut a
defensive theory.  Tex. R. 
Evid. 404(b).  Article
38.37 of the code of criminal procedure provides that notwithstanding rule 404,
evidence of other crimes, wrongs, or bad acts committed by a defendant against
a child who is the victim of the alleged sexual assault Ashall be admitted
for its bearing on relevant matters, including: (1) the state of mind of the
defendant and the child; and (2) the previous and subsequent relationship
between the defendant and the child.@  Tex.
Code  Crim. Proc. Ann. art. 38.37
(Vernon Supp. 2006); Jones v. State, 119 S.W.3d
412, 420 (Tex. App.CFort Worth 2003, no pet.).








Evidence
admissible under rule 404(b) or article 38.37 may be
excluded under rule 403 if its probative value is substantially outweighed by
the danger of unfair prejudice.  See
Tex. R. Evid. 403; Jones,
119 S.W.3d at 421.  When evaluating a
trial court=s determination under rule 403, a
reviewing court is to reverse the trial court=s judgment Ararely and only
after a clear abuse of discretion,@ because the trial
court is in a superior position to gauge the impact of the relevant
evidence.  Mozon v. State, 991
S.W.2d 841, 847 (Tex. Crim. App. 1999); Jones, 119 S.W.3d at
421-22.  When the relevant criteria are
viewed objectively and lead to the conclusion that the danger of unfair
prejudice substantially outweighs the probative value of the proffered
evidence, the appellate court should declare that the trial court erred by
failing to exclude it. Montgomery v. State, 810 S.W.2d 372, 392 (Tex.
Crim. App. 1991) (op. on reh=g); Jones,
119 S.W.3d at 422.

The relevant
criteria in determining whether the prejudice of an extraneous offense
substantially outweighs its probative value include (1) how compellingly the
extraneous offense evidence serves to make a fact of consequence more or less
probableCa factor which is
related to the strength of the evidence presented by the proponent to show that
the defendant in fact committed the extraneous offense; (2) the potential the
evidence has to impress the jury Ain some irrational
but nevertheless indelible way@; (3) the time the
proponent will need to develop the evidence, during which the jury will be
distracted from consideration of the indicted offense; and (4) the force of the
proponent=s need for this evidence to prove a fact
of consequence; that is, does the proponent have other probative evidence
available to him to help establish this fact, and is this fact related to an
issue in dispute.  Mozon, 991
S.W.2d at 847 (citing Montgomery, 810 S.W.2d at 389-90); Martin v.
State, 176 S.W.3d 887, 895-96 (Tex. App.CFort Worth 2005,
no pet.).








In this case, the
one photograph Appellant showed to S.H. was admissible under article 38.37
because it was evidence of a crime or bad act committed against S.H.Cthat is, it was
evidence that Appellant promoted child pornography by exhibiting it to S.H.Cand it showed the
subsequent relationship between Appellant and S.H.[1]  See Tex. Code Crim. Proc. Ann. art. 38.37; Tex.
Penal Code Ann. '' 43.25(5), 43.26(e) (Vernon 2003)
(criminalizing the exhibition of child pornography); see also Tex. Penal Code Ann. ' 43.24 (Vernon 2003) (criminalizing the
display of harmful material to a minor).








We turn now to the
two contact sheets containing photos that S.H. did not see.  AIntent to arouse
or gratify sexual desire@ is an implicit element of aggravated
sexual assault of a child.  Ochoa v.
State, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998) (A[T]he Legislature
did not intend that the >intent to arouse and gratify= requirement be
excluded from proof of the elements of aggravated sexual assault.@).  AIntent to arouse
and gratify sexual desire@ is also an explicit element of the lesser
included offense of indecency with a child, with which the trial court charged
the jury.  See Tex. Penal Code Ann. ' 21.11(a)(1) (Vernon 2003).  Thus, the two contact sheets, which depict
underage boys engaged in sex, were admissible under rule 404(b) because they
tend to show Appellant=s intent or motive to arouse or gratify
his sexual desire via underage boys.  See
Jones, 119 S.W.3d at 422 (holding extraneous offenses admissible under
rule 404(b) to show appellant=s intent to arouse
or gratify his sexual desire via underage girls).  The trial court admitted the contact sheets
with an instruction limiting the jury=s consideration of
the evidence to noncharacter-conforming purposes.  See id. at 421 (citing Powell v.
State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001)).  Therefore, we hold that the trial court did
not abuse its discretion by overruling Appellant=s rule 404
objections.








Applying the rule
403 balancing factors to this case, we first consider how compellingly the
photographs served to make a fact of consequence more or less probable.  At trial, Appellant contested S.H.=s
credibility.  The one photograph
Appellant exhibited to S.H. tended to show that S.H.=s outcry statement
and testimony were truthful.  And, as we
already noted, all of the photographs also tend to show Appellant=s intent to arouse
or gratify his sexual desire with underage boys.  While the photographs are repugnant, they had
little potential to impress the jury in some irrational way; the activities
depicted therein were close in kind to the activity for which Appellant was on
trial, namely, orally and anally sodomizing a preteen boy, and Appellant=s possession of
the photos was less heinous than the evidence relating to the aggravated sexual
assault itself.  See Jones,
119 S.W.3d at 422-23.  The State did not
spend an excessive amount of time developing the evidence.  Finally, the force of the State=s need for the
evidence was significant because the State had nothing else (other than S.H.=s own testimony)
with which to answer Appellant=s attack on S.H.=s credibility; as
the State observes, there was no DNA or other physical evidence showing that
Appellant assaulted S.H.

Appellant relies Thrift
v. State for the proposition that rule 403 bars the admission of child
pornography as evidence of Aintent to arouse
or gratify@ sexual desire.  134 S.W.3d 475, 477 (Tex. AppCWaco 2004), aff=d on other grounds, 176 S.W.3d 221
(Tex. Crim. App. 2005).  In Thrift,
the appellant was tried for aggravated sexual assault of a child and indecency
with a child.  Id.  As in our case, the appellant=s defense was that
the complainant was lying.  Id. at
478.  The trial court admitted into
evidence photographs found in the appellant=s residence
depicting sexually-aroused teenage males, instructing the jury that it could
consider the photos in connection with the Aintent to arouse
or gratify@ element of the indecency charge.  Id. 
In a two-to-one decision, the majority held that the photographs were
inadmissible under rule 403 because Aintent to arouse
or gratify@ was not controverted and was readily
inferred from the offense itself.  Id.








We disagree with
the Thrift majority=s reasoning.  First, to say that an element of an offense
may be Areadily inferred@ from the offense
itself is circular reasoning.  If AA@ and AB@ are the elements
of offense AC,@ it is logically
impossible to infer element AA@ from conclusion AC@ when element AA@ is essential to
proving AC@ in the first
place.  AIntent to arouse
or gratify sexual desire@ is an essential element of indecency with
a child, and that element cannot be inferred simply by concluding that the
defendant committed the offense.  To hold
otherwise would relieve the State of its duty to prove all elements of an
offense beyond a reasonable doubt.  See
Mullaney v. Wilbur, 421 U.S. 684, 699‑700, 95 S. Ct. 1881, 1889‑90
(1975); In re Winship, 397 U.S. 358, 363‑64, 90 S. Ct. 1068, 1072‑73
(1970).  Second, as the Thrift
dissent pointed out, when a defendant contends that an event did not occur,
that denial puts every element of the offense in issue.  Thrift, 134 S.W.3d at 481 (Gray, C.J.,
dissenting in part and concurring in part) (citing Old Chief v. U.S.,
519 U.S. 172, 199-200, 117 S. Ct. 644, 659 (1997)).  For these reasons, we decline to follow the Thrift
majority=s reasoning.

We hold that the
trial court did not abuse its discretion by admitting the child pornography
exhibits over Appellant=s rule 403 objection, and we overrule
Appellant=s first point.

Admission of
evidence obtained under Adefective@ search warrant.








In his second
point, Appellant argues that the trial court erred by admitting the child
pornography into evidence because the search warrant under which it was seized
was defective.  Specifically, Appellant
argues that the search warrant affidavit failed to establish the informant=s credibility and
failed to state when the informant saw the child pornography on Appellant=s computer. 

To preserve a
complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).








Appellant did not
file a motion to suppress in the assault prosecution; nor did he raise his
defective-warrant argument when the State offered the child-pornography
exhibits at trial.  Therefore, he failed
to preserve his complaint for appeal, and we overrule his second point.[2]

                                                     Conclusion

Having overruled
Appellant=s two points, we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    CAYCE, C.J.; GARDNER and MCCOY, JJ.

 

PUBLISH

 

DELIVERED:  April 19, 2007











[1]S.H.
testified that Appellant showed him the image sometime after their last sexual
encounter. 





[2]Appellant
filed a single brief comprising his arguments in his appeals from the judgments
in both prosecutions.  His first point is
specifically limited to the appeal from the assault prosecution.  His second point purportedly relates to both
the assault and the child pornography prosecutions (AIssue
Presented Number Two is applicable to Counts 1-8,@
where counts one through four refer to the assault prosecution and counts five
through eight refer to the child pornography prosecution).  But the error of which he complains in his
second pointCA[t]he
trial court erroneously admitted evidence obtained from a search warrant that
was defective@Crelates
only to the assault prosecution because there was no evidence offered in the
child-pornography prosecution.  Appellant
did file a motion to suppress in the child-pornography case, but he has not
assigned error to, nor does his brief discuss, the trial court=s
denial of that motion.  Thus, his appeal
presents nothing for our review with regard to the denial of the motion to
suppress specifically and his child-pornography convictions generally.  See Tex.
R. App. P. 38.1(e), (g), (h).