**Oscar Homero OCHOA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00472–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 1, 1997.

Discretionary Review Granted (Pet. No. 1) Feb. 18, 1998.

Discretionary Review Refused (Pet. No. 2) Feb. 18, 1998.

Egon Richard Tausch, San Antonio, for Appellant.

Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

### OPINION

LÓPEZ, Justice.

This appeal resulted from a conviction for indecency with a child and aggravated sexual assault against Appellant's six year old niece. At trial, the court submitted ten counts to the jury; five counts of indecency with a child and five counts of aggravated sexual assault. Each count of indecency corresponded by date to a count of aggravated sexual assault. The jury returned a verdict of guilty on one count of aggravated sexual assault, and one count of indecency with a child. After deliberations for punishment, the jury imposed punishment of thirty-five years incarceration for aggravated sexual assault and twenty years incarceration for in-

decency with a child. In five points of error, appellant argues that (1) the trial court erred by allowing the introduction of hearsay testimony; (3) the trial court erred in allowing evidence of extraneous offenses; (3) the evidence does not support the conviction as to each count; (4) the trial court erred by not instructing the jury as to lesser included offenses; and (5) the trial court erred in denying Appellant's motion for directed verdict. We affirm the judgment as reformed.

■ We find that Appellant failed to properly present points of error one, two, three, and five to this court for review. Save one point of error, Appellant failed to supply any authority in support of his argument. The rules of appellate procedure are clear concerning the submission of argument to this court. The rules specifically state:

> The argument shall include: (1) a fair, condensed statement of the facts pertinent to such points, with reference to the pages in the record where the same may be found; and (2) such discussion of the facts *and the authorities relied upon* as may be requisite to maintain the point at issue.

Tex.R.App. P. 74(f) (emphasis added).

The court of appeals does not sit as an appellant's opportunity at a second bite at the apple. The court of appeals stands as a procedural and substantive safeguard to the interests of justice. The rules of appellate procedure exist as a guide that aid in maintaining the ebb and flow of justice within our jurisdiction. We do not view the rules of appellate procedure as mere hurdles. Rather, we believe that strict enforcement of these rules in cases such as this protects the pillars of justice from the decay of unsupported argument, ill-advised appeals, or unprepared advocates. For these reasons, this court routinely enforces the rules of appellate procedure to maintain the high degree of care in preparing argument that the court deserves and the respect that argument before this court requires. *Cf. State v. Gonzalez,* 855 S.W.2d 692, 697 (Tex.Crim.App.1993) (overruling point of error because appellant failed to present authority or argument to support issue as required by Rule 74(f)); *Valdes–Fuerte v. State,* 892 S.W.2d 103, 108 (Tex.App.—San Antonio 1994, no pet.) (over-

ruling point of error because it was not objected to at trial and thus, not preserved for review). Therefore, we overrule points of error one, two, three and five.

■ Even if Appellant properly presented these points of error we find that they lack merit to constitute reversible error. In the first point of error, appellant argues that the trial court erred in allowing Patricia Soriano to testify against the defense. Appellant argues that Soriano's testimony amounted to hearsay and that the exceptions to the hearsay rule, including the outcry exception, do not apply.

■ The excited utterance exception to the hearsay rule applies when the declarant is " 'dominated by the emotions, excitement, fear, or pain of the event.' " *Lawton v. State,* 913 S.W.2d 542, 553 (Tex.Crim.App.1995) (quoting Tex.R.Crim. Evid. 803(2)). Further, a determination of whether the excited utterance exception applies is within the discretion of the trial court. *Id.* Soriano testified that she spoke with the complainant by telephone on the day of one act of alleged penetration. Soriano further testified that the complainant seemed scared and was crying. This testimony supports the determination that the complainant was under the impression of the event when she related the information to Patricia Soriano. Therefore, we find that the trial court did not abuse its discretion in allowing the testimony of Patricia Soriano.

■ In the second point of error, Appellant argues that the trial court erred in allowing the jury to hear evidence of extraneous offenses. Not only is this point of error inadequately briefed, but Appellant also failed to preserve this point of error at trial. To preserve a complaint for appellate review, "a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context," and obtained a ruling thereon. Tex. R.App. P. 52(a). In the present case, the record reveals that the complained of testimony entered the record without objection.

We find that Appellant waived this point of error.

■ In the third point of error, Appellant argues that the trial court erred in submitting to the jury five counts of aggravated sexual assault on a child and five separate counts of indecency with a child without evidence to support each count. In the fifth point of error, Appellant argues that the trial court erred in denying Appellant's motion for a directed verdict because the evidence was insufficient to establish a prima facie case against the defendant beyond a reasonable doubt. Since a complaint concerning the disposition of a motion for directed verdict involves an attack upon the sufficiency of evidence, we shall address points of error three and five together. *See McDuff v. State,* 939 S.W.2d 607, 613 (Tex.Crim.App.1997).

We review challenges to the sufficiency of the evidence under well established standards. In considering the legal sufficiency of the evidence, we must determine whether, viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 156–57 (Tex.Crim.App.1991); *Little v. State,* 758 S.W.2d 551, 562 (Tex.Crim.App.1988). In reviewing a challenge to the factual sufficiency of the evidence, we consider all of the evidence and determine whether the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 135 (Tex.Crim.App.1996).

The jury heard testimony that during the month of June, 1994, Complainant and her two brothers lived with her grandmother. Complainant's grandmother worked during many mornings and Appellant watched the children during the grandmother's absence. The jury also heard the complainant testify that on numerous occasions, the appellant touched the complainant's "privates" and "put his private in [Complainant's] private."

We do not find that the jury's verdict is so contrary to the great weight of the evidence to be clearly wrong and unjust.

■ In the fourth point of error, the sole point of error properly presented to this court for review, Appellant argues that the trial court erred in submitting to the jury five counts of aggravated sexual assault and five corresponding counts of indecency with a child without instructing the jury that indecency with a child is a lesser included offense of aggravated sexual assault with a child. The Court of Criminal Appeals has held that an indictment charging aggravated sexual assault of a child is sufficient to charge indecency with a child as a lesser included offense even if the indictment does not include allegations of the specific intent to arouse or gratify sexual desire, so long as the evidence supports a finding of the intent to arouse or gratify sexual desire.[1] *See Cunningham v. State,* 726 S.W.2d 151, 154–55 (Tex.Crim.App. 1987). In *Cunningham,* the State attempted to prove that the appellant caused his penis to penetrate the mouth of the complainant. The Court held that by proving the conduct leading up to but just short of penetration, the State proved the necessary elements of indecency with a child, including Appellant's intent to arouse or gratify his own sexual desire. *Id.* at 155.

In the present case, the jury heard evidence that on numerous occasions appellant touched and penetrated the sexual organ of the complainant. Applying the Court's decision in *Cunningham,* we find that if the State proved penetration, the State also proved the necessary elements for the corresponding count of indecency with a child. Therefore, in this case the counts of indecency with a child amount to lesser included offenses of aggravated sexual assault. That decided, we must determine whether the trial court's failure to instruct the jury on lesser included offenses prejudiced the defendant or violated his protections against double jeopardy.

---

1. In *Cunningham,* the Court of Criminal Appeals noted that the intent to arouse or gratify sexual desire is an element of indecency with a child but not an element of aggravated sexual assault. *See Cunningham,* 726 S.W.2d at 155.

We find that the trial court's failure to instruct the jury regarding lesser included offenses caused the jury to convict the defendant of two crimes arising from the same transaction. The jury returned a verdict of guilty for one count of aggravated sexual assault and one corresponding count of indecency with a child. As noted above, if the State proved penetration to establish aggravated sexual assault, then it follows that the State proved the necessary elements for the corresponding count of indecency with a child. The jury's guilty verdict for indecency with a child supports our reading of *Cunningham*. Therefore, we can assume that if the trial court had properly instructed the jury on lesser included offenses, the only change to the conviction would have been the absence of the conviction for indecency with a child. For these reasons, we find that the jury found Appellant guilty of the greater offense of aggravated sexual assault and not of the lesser offense of indecency with a child. *Cf. Whittington v. State*, 781 S.W.2d 338, 340 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd) (determining that had jury properly complied with instruction on verdict form, it would have found defendant guilty of greater offense of aggravated sexual assault and not considered lesser included offense of indecency with a child.). Accordingly, we vacate the conviction of indecency with a child and the sentence of twenty years incarceration, and we affirm the conviction of aggravated sexual assault and the sentence of thirty-five years incarceration.