Oscar Homero **OCHOA, Jr., Appellant,**

v.

**The STATE of Texas.**

No. 1571–97

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1998.

Egon Richard Tausch, San Antonio, for appellant.

Barbara Hervey, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

## OPINION

HOLLAND, Judge, delivered the opinion of the Court in which BAIRD, OVERSTREET, PRICE and WOMACK, Judges, join.

The State charged appellant with five counts of aggravated sexual assault of a child, which were alleged to have occurred on June 1, 4, 8, 12 and 16, 1994, respectively. In the same indictment, the State also charged appellant with five counts of inde-

cency with a child, which were also alleged to have occurred on June 1, 4, 8, 12 and 16, 1994, respectively. A jury convicted appellant of the count of aggravated sexual assault of a child which occurred on June 16, 1994. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i). The jury also convicted appellant of the count of indecency with a child which also occurred on June 16, 1994. TEX. PENAL CODE ANN. § 21.11(a)(1). The jury assessed appellant's punishment at 35 years confinement for the aggravated sexual assault and 20 years confinement for the indecency with a child. TEX. PENAL CODE ANN. §§ 22.021(e) and 21.11(c). Appellant appealed both convictions to the Fourth Court of Appeals.

The Fourth Court concluded the trial court erred because it failed to instruct the jury that the indecency with a child charges were lesser-included offenses of the aggravated sexual assault charges. *Ochoa v. State*, 955 S.W.2d 389, 392 (Tex.App.San Antonio 1997). The Fourth Court then found this error in the charge resulted in the jury convicting appellant "of two crimes arising from the same transaction." *Ochoa*, 955 S.W.2d at 393. If "the trial court had properly instructed the jury on lesser included offenses, the only change to the conviction would have been the absence of the conviction for indecency with a child." The Fourth Court vacated the conviction of indecency with a child and its corresponding twenty year sentence and affirmed the conviction for aggravated sexual assault. *Id.*

This Court granted the State's petition for discretionary review on the following ground:

The Court of Appeals erred in determining the defendant's rights against double jeopardy would be violated by the submission of both aggravated sexual assault and indecency with a child, charged in separate counts of the indictment and arising from the same criminal transaction.

The State argues the evidence in this case supported convictions on both aggravated sexual assault and indecency with a child. This Court affirms the decision of the Court of Appeals.

At trial, the State proved appellant sexually assaulted his six-year old niece, C.O., while

C.O. was staying with appellant and his mother. C.O.'s aunt, Patricia Soriano, testified that C.O. called her on June 16, 1994. C.O. told Soriano that appellant "put his thing in my butt." Soriano removed C.O. from the house where appellant lived and reported the incident to the police. The police requested Soriano take C.O. in for a rape examination. Soriano took C.O. in for the rape examination on June 23, 1994.

The rape exam revealed that C.O.'s hymen was in an abnormal condition, indicating that there had been penal/vaginal intercourse. Even though C.O.'s rectal examination was normal, the examining doctor testified this did "not rule out penal/rectal penetration", because the rectum is "a much tougher structure that is not easily traumatized, and it does not typically show any lasting signs of sexual abuse."

C.O. testified appellant sexually assaulted her during the Summer of 1994. She stated there were six occasions when appellant would touch her private with his private. She explained appellant would touch her in her front private and "sometimes" in her back private. When the State asked C.O. what she meant when she said appellant "would touch you with his private", she responded that appellant "would put his private into my private." C.O. did not testify about the specific dates upon which any of the instances of sexual assault occurred. However, Soriano testified that C.O. specifically told her on June 16, 1994 that on that day appellant had "put his thing in [her] butt." When appellant testified, he denied committing any sexual assaults against C.O.

On two separate occasions during his trial, appellant complained the State should not be allowed to convict him for both aggravated sexual assault and indecency with a child on each of the dates in question. First, appellant presented this argument to the trial court at the close of the State's case-in-chief.

At that time, appellant requested the State elect which offenses it would proceed on for each of the days in question. He argued there was only one offense committed on each day. Appellant explained the State's proof established there was only one criminal transaction on each day and that it was im-proper to not have charged him in the alternative for either aggravated sexual assault or indecency with a child. Appellant requested the State elect whether it would proceed on Count 1 or Count 6, Count 2 or Count 7, Count 3 or Count 8, Count 4 or Count 9, and Count 5 or Count 10. Appellant stated, "Those are all on the same dates. They're all the same transactions."

Appellant also argued, "I think the State even agrees that the indecency with a child are lesser-included offenses of aggravated sexual assault, and, therefore, the defense's position is that the jury should not be permitted to be able to consider convicting the defendant of both." Appellant asked the trial court to present the offenses to the jury in the alternative, that the jury consider one or the other, but they could not find appellant guilty of both. At first, the trial court stated, "I kind of agree, because one is a lesser-included, and you can't find him guilty of the greater and also of the lesser."

The State responded by emphasizing the disparate elements between the two offenses. The State argued that aggravated sexual assault requires a penetration to have occurred, whereas indecency with a child requires the defendant acted with the intent to arouse or gratify the sexual desire of any person. To the State, this separated and distinguished the two offenses. The State relied on *Blockburger* when it argued since they were separate offenses, it would be permissible to submit both of them to the jury. The trial court overruled appellant's request that the State elect which of the two charges from each date upon which it would proceed.

Second, after both sides closed and prior to the submission of the court's charge to the jury, appellant once again complained about the jury being given the opportunity to convict him for both aggravated sexual assault and indecency with a child. Appellant again focused his argument on the State's desire to proceed against him for committing both aggravated sexual assault and indecency with a child on each of the days in question. Appellant specifically complained about the trial court's decision to submit all five separate counts of indecency with a child to the jury

because they actually were lesser-included offenses of the five counts of aggravated sexual assault. Appellant argued all of the charges of indecency with a child arose from the same transactions as the aggravated sexual assaults. Appellant explained this meant "the same alleged criminal act on the part of the defendant is now being used to convict him of both offenses." The trial court overruled appellant's objection and instructed the jury on all five counts of aggravated sexual assault and on all five counts of indecency with a child. The trial court chose not to instruct the jury that indecency with a child was a lesser-included offense of aggravated sexual assault.

Ultimately, the jury convicted appellant of one charge of aggravated sexual assault (Count 5) and one charge of indecency with child (Count 10). The indictment and the court's charge both alleged these offenses occurred on June 16, 1994. Appellant appealed from these convictions.

On appeal, appellant argued the trial court erred when it submitted all five counts of aggravated sexual assault and all five counts of indecency with a child to the jury without instructing the jury that indecency with a child is a lesser included offense of aggravated sexual assault. Relying on this Court's decision in *Cunningham v. State*, 726 S.W.2d 151 (Tex.Crim.App.1987), the Fourth Court found indecency with a child to be a lesser included offense of appellant's conviction for aggravated sexual assault, "so long as the evidence supports a finding of the intent to arouse or gratify sexual desire." *Ochoa v. State*, 955 S.W.2d at 392. Again relying on *Cunningham*, the Fourth Court concluded if the State proved penetration, "the State also proved the necessary elements for the corresponding count of indecency with a child." This led the Fourth Court to conclude the counts of indecency with a child amounted to lesser-included offenses of aggravated sexual assault. The Court of Appeals went on to conclude the trial court's failure to instruct the jury "regarding lesser included offenses caused the jury to convict the defendant of two crimes arising from the same transaction." If the jury had been instructed this way, the Fourth Court concluded, there would have been no conviction for indecency with a child. *Ochoa v. State*, 955 S.W.2d at 393. The Fourth Court then vacated appellant's conviction and sentence for indecency with a child. *Id.*

■ This Court concludes the Fourth Court was correct in vacating appellant's conviction and sentence for indecency with a child. The Fourth Court, however, should not have focused primarily on the trial court's failure to instruct the jury on lesser included offenses. Rather, the Fourth Court should have focused on whether the evidence in this case justified the trial court in submitting instructions that would permit the jury to convict and sentence appellant both for committing aggravated sexual assault and for committing indecency with a child on June 16, 1994. This is because appellant's complaints, both at the close of the State's case-in-chief and prior to the submission of the charge to the jury, concerned his objection to the State's attempt to convict and sentence him twice for one offense. The State realized this, as can be seen in its responses before the trial court and on appeal that, pursuant to *Blockburger*, it was entitled to seek convictions and sentences for both aggravated sexual assault and indecency with a child.

In appellant's trial, the State presented evidence of only one sexual offense committed by appellant against C.O. on June 16, 1994. C.O. did not testify that appellant touched her more than one time on that day. Soriano testified that when C.O. called her on the 16th, C.O. told her appellant "put his thing in my butt." This appears to refer to one incident that occurred on the 16th. There was no evidence to indicate or imply more than one offense occurred on June 16th. This Court concludes the evidence indicates appellant committed only one offense against C.O. on June 16th.

From this evidence, the jury could have believed either that appellant penetrated C.O. or that he contacted her with the intent to arouse and gratify his desire. The jury could have convicted appellant of either offense under this evidence. This conclusion is supported by this Court's decision in *Cunningham v. State*, 726 S.W.2d 151.

In *Cunningham*, this Court was asked to determine whether indecency with a child is a lesser-included offense of aggravated sexual assault. After examining the statutory elements of aggravated sexual assault, the intent of the Legislature when it adopted those elements as the offense of aggravated sexual assault, and the facts of the case this Court concluded the trial court was authorized to proceed to judgment on the lesser included offense of indecency with a child. *Cunningham*, 726 S.W.2d, at 153–154.

In concluding that indecency with a child is a lesser-included offense, we observed the Legislature intended the "thrust of sexual assault of a child be regarded as more assaultive in nature than sexual abuse of a child." We noted, however, that the Legislature did not intend to "rule out the fact that act of causing penetration _ of a child _ will be accompanied with specific intent to arouse or gratify the sexual desire of the actor." *Id.*, at 154. This Court determined the Legislature did not intend that the "intent to arouse and gratify" requirement be excluded from proof of the elements of aggravated sexual assault. Therefore, this Court maintained the true issue to be "whether the State's case as presented to prove the offense charged included proof of [ a lesser-included offense ]." *Id.*, and cases cited therein.

After reviewing the facts of the case in *Cunningham* in light of the statutory elements of both aggravated sexual assault and indecency with a child, this Court concluded "when the State sought to show appellant caused his penis to penetrate the mouth of the female victim, it proved conduct on the part of appellant leading up to but just short of penetration that constitutes indecency with a child by engaging in sexual contact with her and by exposing his genitals to her—both with intent to arouse and gratify his own sexual desire." *Cunningham*, 726 S.W.2d at 155. "While it is certainly true that [the aggravated sexual assault statute] does not in terms require a specific intent to arouse or gratify sexual desire, the Legislature has recognized that an actor may well act with just such intent when he causes his penis to penetrate the mouth of a child." *Cunningham, id.*

Pursuant to our holding in *Cunningham*, a charge on the lesser-included offense of indecency with a child was required if the evidence at trial raised the issue that appellant intended to arouse or gratify his sexual desire while in the course of committing the alleged penetration of C.O. Like the Fourth Court of Appeals, we conclude the evidence in this case sufficiently raised the issue of appellant's intent. Because there was evidence of only one offense committed by appellant, however, we hold that the State should have elected which offense upon which it would proceed or, in the alternative, received a submission of the offense of indecency with a child to the jury only as a lesser-included alternative to the offense of aggravated sexual assault.

The State was not entitled to seek convictions for two offenses because the evidence at trial shows that only one offense was committed. As pointed out *infra*, appellant twice objected on this ground. There was no evidence to indicate that two separate offenses took place. *Cf. McIntire v. State*, 698 S.W.2d 652 (Tex.Crim.App.1985)(where the facts showed appellant both penetrated the anus of the victim and fondled the victim's genitals during the same course of conduct.) Instead, appellant was shown in this case to have committed one act which could be subject to two different interpretations. Either the jury could conclude penetration actually occurred and convicted appellant of aggravated sexual assault, or they could conclude only contact occurred with intent to arouse and gratify sexual desire and convicted appellant of the lesser offense of indecency with a child. *See Cunningham*, 726 S.W.2d at 153.

The jury should not have been authorized by the trial court to convict and sentence appellant for two offenses. The proper remedy is to reform the judgment by vacating the lesser conviction and sentence. *McIntire*, 698 S.W.2d at 656. The Court of Appeals correctly vacated appellant's conviction and sentence for indecency with a child.

The State's petition for discretionary review is overruled. The judgment of the Court of Appeals is affirmed.

KELLER, J., concurred in the judgment with an opinion, in which MANSFIELD, J., joined.

McCORMICK, P.J., concurred in the judgment.

MEYERS, J., did not participate.

KELLER, Judge, concurring.

I agree with the result reached by the majority but disagree with the majority's reliance upon *Cunningham v. State,* 726 S.W.2d 151 (Tex.Crim.App.1987) to dispose of the issue presented. In *Cunningham,* the defendant was charged with aggravated sexual assault. *Id.* at 151. The case was tried before the bench, and the trial court found the defendant guilty of indecency with a child by sexual contact under § 21.11(a)(1).[1] *Id.* at 151, 151–152 n. 1. The defendant appealed, complaining that indecency with a child was not a lesser-included offense of aggravated sexual assault because the former contained an additional element: "the intent to arouse or gratify the sexual desire of any person." *Id.* at 152. The Court of Appeals agreed and sustained the defendant's point of error. *Id.* In reversing the Court of Appeals' decision, we held that indecency with a child was a lesser-included offense *under the proof in that case* because the conduct offered to prove the crime of aggravated sexual assault also showed an intent to arouse or gratify sexual desire. *Id.* at 155.

Reliance upon *Cunningham* is inappropriate because that case does not involve an attempt to prosecute two offenses. The present case involves two indicted offenses while *Cunningham* involved an indicted offense and an unindicted offense alleged to be lesser-included. State statutory law does not preclude the prosecution of two *indicted* offenses arising from the same transaction even though one of the offenses may logically be a lesser-included of the other. *Landers v. State,* 957 S.W.2d 558, 559 n. 5 (Tex.Crim. App.1997). The extent to which the State may prosecute and convict, in a single trial,

for multiple offenses that may be the "same" is a Double Jeopardy question, the outcome of which depends upon application of the test set out in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)(focusing on the elements of the offenses) and an inquiry into the Legislature's intent. *Garrett v. United States,* 471 U.S. 773, 778–779, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *Ex Parte Kopecky,* 821 S.W.2d 957, 958–959 (Tex.Crim.App.1992). *Cunningham*'s conclusion that an offense was lesser-included based *upon proof at trial* appears to be contrary to precedent from the Supreme Court and this Court in that respect. *See Garrett* and *Kopecky* (cited above); *see also United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

Hence, the real question in the present case is whether the two offenses at issue constitute the same offense under *Blockburger,* and, if so, whether there is a clear Legislative intent, either from the face of the statute or from the legislative history, to impose multiple punishments. *Garrett,* 471 U.S. at 778–779, 105 S.Ct. 2407. A side-by-side comparison of the elements is helpful toward resolving that question:

| Aggravated Sexual Assault (§ 22.021(a)(1)(B)(i) & (2)(B)) | Indecency with a Child (§ 21.11(a)(1)) |
| --- | --- |
| Intentionally or knowingly causes the penetration of the anus or female sexual organ | Engages in sexual contact (sexual contact defined as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person") |
| child under 14 | child under 17 and not a spouse |
| (A spouse is excluded from the definition of "child." § 22.021(b)) | |

A comparison of the relevant counts in the indictment is also helpful. Count five alleged aggravated sexual assault by penetration of the female sexual organ and the anus of the child.[2] Count ten alleged indecency with a child by touching her female sexual organ.

---

1. All references to sections are to the Texas Penal Code unless otherwise indicated.

2. The jury charge alleged the different methods of penetration in the disjunctive. In argument,

the prosecutor contended that the jurors did not have to agree on which method occurred but merely had to agree that at least one of the two methods occurred.

The first question is whether the "sexual contact" element of indecency in some way requires proof of different facts than the "penetration" element of aggravated sexual assault. Penetration is certainly a form of "touching," but it is true that the indecency statute contains a form of touching not contained in the aggravated sexual assault provision at issue: touching of the breasts. But, that form of touching is not implicated in the present case.

Further, the offenses might have been distinguished if the aggravated sexual assault count had been limited to penetration of the *anus*. Because the indecency count involved touching of the female sexual organ, such offenses would probably be distinct for double jeopardy purposes. *See Ex Parte Goodbread*, 967 S.W.2d 859, 866 (Tex.Crim.App. 1998)(Baird, J. concurring and dissenting). However, the State utilized penetration of the anus *and* the female sexual organ in the same count, and the prosecutor even argued to the jury that members of the jury did not have to agree on whether the anus or the female sexual organ was penetrated, so long as all members of the jury agreed that one of those events occurred. Under these circumstances, the State has alleged alternative theories of an offense and failed to elect between those theories. The result is that a jeopardy bar will occur if a jeopardy bar would be found under either theory. *Goodbread*, 967 S.W.2d at 860 (majority opinion). The aggravated sexual assault and the indecency counts both allege conduct concerning the female sexual organ.

The most difficult question, is whether an "intent to arouse or gratify" sexual desire constitutes a fact contained in the indecency offense that is not found in the aggravated sexual assault offense. I conclude that it is not. "Intent to arouse or gratify sexual desire" is part of the definition of "sexual contact." I find it significant that the Legislature chose to use the words "sexual contact"—denoting a lesser form of touching than "penetration"—and included the "intent to arouse or gratify sexual desire" in the definitional section. That legislative choice supports the conclusion that the "sexual desire" wording was not intended as an extra element not contained in the sexual assault statutes. Rather, the "sexual desire" language appears to be intended to denote a form of touching, short of penetration, that is sexual in nature. While it may be theoretically possible to commit the various forms of penetration proscribed without the intent to arouse or gratify sexual desire, the Legislature's inclusion of these acts within the sexual assault statutes is a clear indication that the Legislature believed the acts to be inherently sexual in nature. But, a mere touching may not be inherently sexual, and hence, the Legislature needed to define the conduct in such a way as to indicate its sexual nature. Hence, touching the female sexual organ with the intent to arouse or gratify sexual desire is a lesser-included species of conduct of the intentional or knowing penetration of the female sexual organ.

The final question to address under a *Blockburger* analysis is the age and marital status requirements. The element "a child under age seventeen" is logically a lesser-included fact of the element "a child under age fourteen" for *Blockburger* purposes. A provision requiring proof that a child is under age seventeen does not require an additional fact than a provision that requires proof of age under fourteen. Proving that a child is under age fourteen will necessarily also prove that the child is under age seventeen. And, as noted above, both statutory provisions exclude spouses from their reach.

The next question is whether the Legislature clearly expressed an intent to inflict multiple punishments. No such clear intent appears in the language of the statutes; in fact, the language appears to indicate the contrary. The "sexual desire" language is incorporated merely as a definition of "sexual contact" a phrase that denotes a lesser amount of conduct than "penetration." And, both statutes contain a parallel exclusion of spouses from their reach.

Hence, an examination of the legislative history would be the next step. However, the State, while arguing *Blockburger*, made no attempt to examine the legislative history. Given the complex undertaking that legislative history research presents, I am not in-

clined to attempt such an endeavor at this juncture in the absence of such effort by the parties.[3] In the absence of evidence that the Legislature intended to impose multiple punishments, the *Blockburger* test controls on the double jeopardy question.

The only remaining argument made by the State is that the offenses of aggravated sexual assault and indecency with a child may have been committed through separate acts. The State contends that there was evidence of six different sexual assaults occurring at six different times in six different rooms. But, the State submitted counts for various offenses occurring on different dates for aggravated sexual assault and then submitted offenses for indecency with a child occurring on those same dates. The jury chose to convict on two counts that alleged the same date of occurrence while acquitting the defendant on all of the other counts. Moreover, during argument, the State explained to the jury that a finding of penetration for sexual assault necessarily entailed a finding of touching under the indecency statute. The rational conclusion based upon this record is that the State was in fact charging a violation of two different statutes for the same conduct.

Having found a double jeopardy violation, I turn next to the remedy. I disagree with the majority's conclusion that the trial court erred in submitting both counts to the jury. The State is permitted, in a single prosecution, to charge, try, submit to the jury, and obtain guilt and punishment verdicts on multiple offenses that are the "same" for Double Jeopardy purposes. *Landers*, 957 S.W.2d at 558 (discussing *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)). After the punishment verdict, the trial court (or an appellate court if necessary) should remedy the jeopardy problem by retaining the offense with the most serious punishment and by vacating all other offenses that are the "same" for Double Jeop-

ardy purposes as the offense retained. *Landers*, 957 S.W.2d at 559–561. Because the Court of Appeals vacated the indecency with a child offense, which carried the lesser punishment, it acted in accordance with our decision in *Landers*. Hence, I agree that the Court of Appeals' decision should be affirmed. Therefore, I concur in the judgment of the Court.

MANSFIELD, J., joins.

**3.** The State asserts that "the Legislature changed the statutes governing 'sex crimes,' in an effort to punish certain conduct as an assault without necessitating a finding that the conduct or the motive for the conduct was sexual." The State supplies no proof that this was indeed the Legislature's intent, other than the language of the

statute. Assuming, however, that such was indeed the Legislative intent, that does not change the analysis. The statutory language indicates that the Legislature considered penetration to be inherently sexual, and hence there was no need for additional language denoting the sexual nature of the offense.