COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-410-CR

 

 

DAVEY REGENE KINNETT                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








In one issue, appellant Davey Regene Kinnett
argues that his conviction for indecency with a child is supported by legally
insufficient evidence.  Appellant was
charged with committing the offense of aggravated sexual assault of a child;
the indictment alleged that appellant caused the penetration of the anus of a
child, AJane,@[2] with
his sexual organ.[3]  The jury acquitted appellant of aggravated
sexual assault but convicted him on the lesser included charge of indecency
with a child.  

At trial, Jane=s
grandmother testified that Jane, who is appellant=s niece,
told her on the night of July 15, 2005, that appellant Ahad
touched her booty@ and that Ahe went
in -- inside her booty.@ 
The grandmother said that earlier that night, she had heard appellant
make a remark that Ahe needed help.@  Appellant=s
ex-wife also testified that he told her that night that he needed help.








Eleven-year-old Jane testified at trial as
well.  Jane said that she had been
watching movies with her cousin AHeather@ and her
friend AHillary@[4] in the
living room of appellant=s house when appellant came into
the room, and then she and appellant went into a bedroom.  She took off her shorts and underwear and lay
face down on the bed.  Jane testified
that appellant then Atouched@ her
with his Aprivate part@ on the Ainside@ of her Abutt.@[5] 

Nurse Callie Seigler testified that on July 22,
2005, she performed a sexual assault exam on Jane.  During the exam, Jane told her, AMy aunt=s
husband, Dave, whenever it was just him and [Heather], just me, him and
[Heather], he would have me pull down my shorts and panties.  He would put his thing -- he would pull his
pants down and put his front thing[6]
in my booty hole.  The one in the
back.  He=s been
doing it for four years.@ 
Seigler testified that in her opinion, Jane had been sexually
assaulted.  She reported finding no signs
of physical injury, however, and admitted that she based her opinion only on
what Jane had told her, because the physical findings were normal.








Appellant was charged with aggravated sexual
assault of Jane.  The State elected to
rely on the specific incident that Jane testified about at trial as the act of
sexual conduct upon which it sought a conviction for the charged offense.  To prove aggravated sexual assault, the State
was required to show that appellant intentionally or knowingly caused the
penetration of the anus of a child under the age of fourteen.  Tex.
Penal Code Ann. ' 22.021(a)(1)(B)(i), (a)(2)(B)
(Vernon Supp. 2007).  The jury was also
instructed that it could convict appellant of the lesser included charge of
indecency with a child if the State proved that he had engaged in sexual contact[7]
with a child.  See id. '
21.11(a)(1).  The jury acquitted
appellant of aggravated sexual assault but convicted him of the lesser included
indecency with a child offense.








In a single issue, appellant complains that the
evidence supporting the jury=s
verdict on the lesser included offense of indecency with a child was supported
by legally insufficient evidence.  In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all the evidence in the light most favorable to the prosecution in order
to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).  Appellant argues
that no rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt either under the statutory definition of indecency
with a child or under the jury charge=s
definition of the offense.

The court=s charge
instructed the jury on the lesser included offense of indecency with a child as
follows:

Now, if you find from the
evidence beyond a reasonable doubt that . . . the defendant, Davey Regene
Kinnett, did then and there unlawfully and intentionally, with the intent to
arouse or gratify the sexual desire of said defendant, engage in sexual contact
by touching the genitals of [Jane], a child younger than seventeen years
and not the spouse of the said defendant, you will find the defendant guilty of
the offense of Indecency with a Child as included in Count I of the
indictment.  [Emphasis supplied.]

 








Appellant argues that because the State presented no evidence that he
touched Jane=s genitals, as stated in
the jury charge, the evidence is legally insufficient.  However, the sufficiency of the evidence
should be measured by the elements of the offense as defined by the
hypothetically correct jury charge for the case.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Bowden v. State, 166 S.W.3d 466, 470 (Tex. App.CFort
Worth 2005, pet. ref=d).  Such a charge would be one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily
restrict the State=s theories of liability, and
adequately describes the particular offense for which the defendant was
tried.  Gollihar v. State, 46
S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik, 953 S.W.2d at 240.  The law as authorized by the indictment means
the statutory elements of the charged offense as modified by the charging
instrument.  See Curry v. State,
30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

The indictment charged that appellant committed
aggravated sexual assault by Acaus[ing]
the penetration of the anus of [Jane] by the sexual organ of [Appellant].@  The offense of indecency with a child is a
lesser included offense of aggravated sexual assault if it is Aestablished
by proof of the same or less than all the facts required to establish the
commission of the offense charged.@  See Tex.
Code Crim. Proc. Ann. art. 37.09(1) (Vernon 2006); see also Hall
v. State, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). This inquiry does not
depend on the evidence produced at trial but is performed by comparing the
elements of the offense as they are alleged in the indictment or information
with the elements of the potential lesser included offense.  Hall, 225 S.W.3d at 525, 535-36.  








The offense of indecency with a child contained
in the jury charge required proof of appellant=s
touching Jane=s genitals; therefore, it could
not be a lesser included offense of aggravated sexual assault because the
offense of aggravated sexual assault, as alleged in the indictment, required
proof of appellant=s penetrating Jane=s
anus.  Accordingly, the jury charge
incorrectly contained an offense that was not a lesser included offense of the
greater crime charged because it required proof of different facts, not
the same or less than all, of the facts required to establish the commission of
the greater offense charged.  See Tex. Code Crim. Proc. Ann. art.
37.09(1).  The hypothetically correct
charge authorized by the indictment would have instructed the jury that it
could convict appellant of the lesser included offense of indecency with a
child if it found that appellant engaged in sexual contact by touching Jane=s anus,
not her genitals.  See Curry, 30
S.W.3d at 404.  Therefore, we shall
measure the sufficiency of the evidence by the elements of the offense as
defined by this hypothetically correct jury charge.  See Malik, 953 S.W.2d at 240; Bowden,
166 S.W.3d at 470. 








Appellant argues that the evidence is
insufficient to support a conviction for indecency with a child because, given
that the jury acquitted him of aggravated sexual assault, they must not have
believed that appellant penetrated Jane=s anus
with his sexual organ.  Appellant
contends that the only testimony regarding any touching of the anus was Jane=s
testimony that appellant penetrated her anus with his sexual organ.  Because the jury acquitted him of aggravated
sexual assault, appellant argues, the jury must not have believed that he penetrated
her; and without the evidence of penetration, there is no other evidence of Atouching@ the
anus.

We disagree that the evidence was probative of
penetration only.  In Ochoa v. State,
982 S.W.2d 904 (Tex. Crim. App. 1998), the court of criminal appeals held that
evidence that the child said the appellant Aput his
thing in my butt@ was subject to two different
interpretations: AFrom this evidence, the jury
could have believed either that appellant penetrated [the child] or that he
contacted her with the intent to arouse and gratify his desire.@  Id. at 907.  Therefore, the court concluded, the jury
could have convicted the appellant of either offenseCaggravated
sexual assault or indecency with a childCunder
this evidence.  Id.  








Here, with regard to the episode of alleged
sexual conduct on which the State elected to proceed, there was evidence that
Jane had told her grandmother that appellant Ahad touched
her booty@ and that Ahe went
in -- inside her booty.@ 
Jane herself testified that appellant had Atouched@ her
with his Aprivate part@ on the Ainside@ of her Abutt.@  We hold that this testimony, like the Aput his
thing in my butt@ testimony that the Ochoa
court said could support a conviction for either the greater or the lesser
offense, is also subject to different interpretations.  Either the jury could have concluded that
penetration actually occurred and convicted appellant of aggravated sexual
assault, or they could have concluded that only contact occurred with intent to
arouse and gratify sexual desire and convicted appellant of the lesser offense
of indecency with a child.  See id.
at 908.








Appellant also argues that there is insufficient
evidence of intent to gratify anyone=s sexual
desires.  The specific intent to arouse
or gratify the sexual desire of a person can be inferred from conduct, remarks,
or all the surrounding circumstances.  Couchman
v. State, 3 S.W.3d 155, 163 (Tex. App.CFort
Worth 1999, pet. ref=d).  An oral expression of intent is not required,
and a defendant=s conduct alone is sufficient to
infer intent.  Id.  The jury could infer from appellant=s
conduct of touching Jane=s anus with his sexual organ
that it was done with the intent to arouse and gratify his sexual desire.  See Abbott v. State, 196 S.W.3d 334,
341 (Tex. App.CWaco 2006, pet. ref=d)
(holding that jury could infer intent to arouse or gratify sexual desire from
defendant=s act of touching child=s
genitals).  Furthermore, intent can be
inferred from the appellant=s
conduct after the incident.  Couchman,
3 S.W.3d at 163.  Appellant=s
statement to his ex-wife after the sexual conduct with Jane came to light that Ahe needed
help@ is
evidence of a consciousness of guilt that leads to an inference that, when
appellant touched Jane, appellant had the specific intent to arouse and gratify
his own sexual desire.  

Accordingly, reviewing the evidence under the
appropriate standard of review,[8]
we hold that the evidence is legally sufficient to support appellant=s
conviction on the lesser included offense of indecency with a child.  We overrule appellant=s sole
point and affirm the trial court=s
judgment.

 

 

PER
CURIAM

 

PANEL F:    MCCOY,
HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: March 6, 2008











[1]See Tex. R. App. P. 47.4.





[2]AJane@ is an alias used in this
opinion for the protection of the minor child.





[3]In a second count,
appellant was also indicted for committing an aggravated sexual assault against
another child by penetrating her sexual organ with his finger.  The jury found him not guilty on this count.





[4]AHeather@ and AHillary@ are also aliases used
for the protection of the minor children involved.





[5]Specifically, the prosecutor
and Jane had the following exchange:

Q.     How did he hurt you, [Jane]?

A.     He touched me.

. . . .

Q.     What did he touch you with, [Jane]?

A.     His private part.

. . . .

Q.     Where did he touch you with his private
part?

A.     My butt.

Q.     Your butt? 
Did he touch you on the outside or on the inside?

A.     Inside.

 





[6]Seigler said that Jane told
her by Afront thing,@ she meant penis.





[7]ASexual contact@ means the following
acts, if committed with the 

intent to arouse or
gratify the sexual desire of any person:

(1) any touching by a
person, including touching through clothing, of the anus, breast, or any part
of the genitals of a child; or

(2) any touching of any
part of the body of a child, including touching through clothing, with the
anus, breast, or any part of the genitals of a person.

Id. ' 21.11(c).





[8]See Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.