

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-06-410-CR**

DAVEY REGENE KINNETT                                    APPELLANT

V.

THE STATE OF TEXAS                                             STATE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In one issue, appellant Davey Regene Kinnett argues that his conviction for indecency with a child is supported by legally insufficient evidence. Appellant was charged with committing the offense of aggravated sexual assault of a child; the indictment alleged that appellant caused the penetration

---

[1]*See* TEX. R. APP. P. 47.4.

of the anus of a child, "Jane,"[2] with his sexual organ.[3]  The jury acquitted appellant of aggravated sexual assault but convicted him on the lesser included charge of indecency with a child.

At trial, Jane's grandmother testified that Jane, who is appellant's niece, told her on the night of July 15, 2005, that appellant "had touched her booty" and that "he went in -- inside her booty."  The grandmother said that earlier that night, she had heard appellant make a remark that "he needed help." Appellant's ex-wife also testified that he told her that night that he needed help.

Eleven-year-old Jane testified at trial as well.  Jane said that she had been watching movies with her cousin "Heather" and her friend "Hillary"[4] in the living room of appellant's house when appellant came into the room, and then she and appellant went into a bedroom.  She took off her shorts and underwear and

---

[2]"Jane" is an alias used in this opinion for the protection of the minor child.

[3]In a second count, appellant was also indicted for committing an aggravated sexual assault against another child by penetrating her sexual organ with his finger.  The jury found him not guilty on this count.

[4]"Heather" and "Hillary" are also aliases used for the protection of the minor children involved.

lay face down on the bed. Jane testified that appellant then "touched" her with his "private part" on the "inside" of her "butt."[5]

Nurse Callie Seigler testified that on July 22, 2005, she performed a sexual assault exam on Jane. During the exam, Jane told her, "My aunt's husband, Dave, whenever it was just him and [Heather], just me, him and [Heather], he would have me pull down my shorts and panties. He would put his thing -- he would pull his pants down and put his front thing[6] in my booty hole. The one in the back. He's been doing it for four years." Seigler testified that in her opinion, Jane had been sexually assaulted. She reported finding no signs of physical injury, however, and admitted that she based her opinion only on what Jane had told her, because the physical findings were normal.

---

[5]Specifically, the prosecutor and Jane had the following exchange:
Q.   How did he hurt you, [Jane]?
A.   He touched me.
     . . . .
Q.   What did he touch you with, [Jane]?
A.   His private part.
     . . . .
Q.   Where did he touch you with his private part?
A.   My butt.
Q.   Your butt? Did he touch you on the outside or on the inside?
A.   Inside.

[6]Seigler said that Jane told her by "front thing," she meant penis.

3

Appellant was charged with aggravated sexual assault of Jane. The State elected to rely on the specific incident that Jane testified about at trial as the act of sexual conduct upon which it sought a conviction for the charged offense. To prove aggravated sexual assault, the State was required to show that appellant intentionally or knowingly caused the penetration of the anus of a child under the age of fourteen. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B) (Vernon Supp. 2007). The jury was also instructed that it could convict appellant of the lesser included charge of indecency with a child if the State proved that he had engaged in sexual contact[7] with a child. *See id.* § 21.11(a)(1). The jury acquitted appellant of aggravated sexual assault but convicted him of the lesser included indecency with a child offense.

In a single issue, appellant complains that the evidence supporting the jury's verdict on the lesser included offense of indecency with a child was supported by legally insufficient evidence. In reviewing the legal sufficiency of

---

[7]"Sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
     (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or
     (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

*Id.* § 21.11(c).

the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Appellant argues that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt either under the statutory definition of indecency with a child or under the jury charge's definition of the offense.

The court's charge instructed the jury on the lesser included offense of indecency with a child as follows:

> Now, if you find from the evidence beyond a reasonable doubt that . . . the defendant, Davey Regene Kinnett, did then and there unlawfully and intentionally, with the intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact *by touching the genitals* of [Jane], a child younger than seventeen years and not the spouse of the said defendant, you will find the defendant guilty of the offense of Indecency with a Child as included in Count I of the indictment. [Emphasis supplied.]

Appellant argues that because the State presented no evidence that he touched Jane's *genitals*, as stated in the jury charge, the evidence is legally insufficient. However, the sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Bowden v.*

5

*State*, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref'd). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *Malik,* 953 S.W.2d at 240. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

The indictment charged that appellant committed aggravated sexual assault by "caus[ing] the penetration of the anus of [Jane] by the sexual organ of [Appellant]." The offense of indecency with a child is a lesser included offense of aggravated sexual assault if it is "established by proof of the same or less than all the facts required to establish the commission of the offense charged." *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (Vernon 2006); *see also Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). This inquiry does not depend on the evidence produced at trial but is performed by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser included offense. *Hall*, 225 S.W.3d at 525, 535-36.

6

The offense of indecency with a child contained in the jury charge required proof of appellant's touching Jane's genitals; therefore, it could not be a lesser included offense of aggravated sexual assault because the offense of aggravated sexual assault, as alleged in the indictment, required proof of appellant's penetrating Jane's anus. Accordingly, the jury charge incorrectly contained an offense that was not a lesser included offense of the greater crime charged because it required proof of *different* facts, not the same or less than all, of the facts required to establish the commission of the greater offense charged. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1). The hypothetically correct charge authorized by the indictment would have instructed the jury that it could convict appellant of the lesser included offense of indecency with a child if it found that appellant engaged in sexual contact by touching Jane's anus, not her genitals. *See Curry*, 30 S.W.3d at 404. Therefore, we shall measure the sufficiency of the evidence by the elements of the offense as defined by this hypothetically correct jury charge. *See Malik*, 953 S.W.2d at 240; *Bowden*, 166 S.W.3d at 470.

Appellant argues that the evidence is insufficient to support a conviction for indecency with a child because, given that the jury acquitted him of aggravated sexual assault, they must not have believed that appellant penetrated Jane's anus with his sexual organ. Appellant contends that the only

7

testimony regarding any touching of the anus was Jane's testimony that appellant penetrated her anus with his sexual organ. Because the jury acquitted him of aggravated sexual assault, appellant argues, the jury must not have believed that he penetrated her; and without the evidence of penetration, there is no other evidence of "touching" the anus.

We disagree that the evidence was probative of penetration only. In *Ochoa v. State*, 982 S.W.2d 904 (Tex. Crim. App. 1998), the court of criminal appeals held that evidence that the child said the appellant "put his thing in my butt" was subject to two different interpretations: "From this evidence, the jury could have believed either that appellant penetrated [the child] or that he contacted her with the intent to arouse and gratify his desire." *Id.* at 907. Therefore, the court concluded, the jury could have convicted the appellant of either offense—aggravated sexual assault or indecency with a child—under this evidence. *Id.*

Here, with regard to the episode of alleged sexual conduct on which the State elected to proceed, there was evidence that Jane had told her grandmother that appellant "had touched her booty" and that "he went in -- inside her booty." Jane herself testified that appellant had "touched" her with his "private part" on the "inside" of her "butt." We hold that this testimony, like the "put his thing in my butt" testimony that the *Ochoa* court said could

8

support a conviction for either the greater or the lesser offense, is also subject to different interpretations. Either the jury could have concluded that penetration actually occurred and convicted appellant of aggravated sexual assault, or they could have concluded that only contact occurred with intent to arouse and gratify sexual desire and convicted appellant of the lesser offense of indecency with a child. *See id.* at 908.

Appellant also argues that there is insufficient evidence of intent to gratify anyone's sexual desires. The specific intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks, or all the surrounding circumstances. *Couchman v. State*, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref'd). An oral expression of intent is not required, and a defendant's conduct alone is sufficient to infer intent. *Id.* The jury could infer from appellant's conduct of touching Jane's anus with his sexual organ that it was done with the intent to arouse and gratify his sexual desire. *See Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref'd) (holding that jury could infer intent to arouse or gratify sexual desire from defendant's act of touching child's genitals). Furthermore, intent can be inferred from the appellant's conduct after the incident. *Couchman*, 3 S.W.3d at 163. Appellant's statement to his ex-wife after the sexual conduct with Jane came to light that "he needed help" is evidence of a consciousness of guilt that leads

9

to an inference that, when appellant touched Jane, appellant had the specific intent to arouse and gratify his own sexual desire.

Accordingly, reviewing the evidence under the appropriate standard of review,[8] we hold that the evidence is legally sufficient to support appellant's conviction on the lesser included offense of indecency with a child. We overrule appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL F:   MCCOY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 6, 2008

---

[8]*See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.