

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00540-CR

Mark **MEDEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR8952A
Honorable Kevin M. O'Connell, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  February 28, 2018

AFFIRMED AS REFORMED

Mark Medel was convicted by a jury of injury to a child causing bodily injury. Medel presents three issues on appeal contending: (1) the trial court erred in failing to instruct the jury that it could not return a verdict unless it unanimously agreed as to each separate offense in the charge; (2) the trial court erred in failing to grant Medel's motion to require the State to elect between the indicted offense of injury to a child causing serious bodily injury and the lesser-included offense of injury to a child causing bodily injury; and (3) the State's argument regarding unanimity confused, misled, and prejudiced the jury. We overrule Medel's issues; however, we

reform the judgment to accurately reflect the offense for which Medel was convicted and the statute for that offense. We affirm the trial court's judgment as reformed.

## BACKGROUND

Medel was charged in a two count indictment with injury to a child causing serious bodily injury and injury to a child causing serious bodily injury by omission. The State waived the second count and proceeded to trial only on the first count.

During trial, expert witnesses presented conflicting testimony with regard to whether the child's injuries rose to the level of serious bodily injury. Given the conflicting testimony, the State requested the trial court include the lesser-included offense of injury to a child causing bodily injury in the jury charge. The trial court granted the request, and the jury found Medel guilty of the lesser-included offense. Medel appeals.

## JURY UNANIMITY

In his first issue, Medel contends the trial court erred in failing to instruct the jury that it could not return a verdict unless it unanimously agreed as to each separate offense in the charge. In his brief, Medel asserts, "Appellant contends that when two separate result-oriented offenses are listed in a jury charge and each offense alleges the same manner and means the Court's charge should contain specific rather than general unanimity instructions charging the jury that it must reach a unanimous verdict as to each offense alleged." Medal further argues the "inclusion of the two easily confused Injury to a Child offenses in the jury's charge necessitated a specific unanimity instruction for each separate and distinct offense alleged."

In analyzing jury-charge issues, we must first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). "Then, if we find error, we analyze that error for harm." *Id*.

"[J]uror unanimity is required in felony cases by the Texas Constitution and in all criminal trials by state statutes." *Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011). As a result, the trial court "is obligated to submit a charge that does not allow for the possibility of a non-unanimous verdict." *Cosio v. State*, 353 S.W.3d 766, 776 (Tex. Crim. App. 2011).

In this case, the jury charge instructed the jury as follows:

IV.

> Now, if you believe from the evidence beyond a reasonable doubt that on or about the 4th Day of May, 2014, in Bexar County, Texas, the defendant, Mark Medel, did intentionally or knowingly cause serious bodily injury to [C.C.], a child who was fourteen (14) years of age or younger, by striking [C.C.] with the hand of Mark Medel, or striking [C.C.] with a broom, or striking [C.C.] with a belt, or striking [C.C.] with an object unknown to the grand jury, or striking [C.C.] against an object unknown to the grand jury, or burning [C.C.] with a lighter, or burning [C.C.] with an object unknown to the grand jury, or grabbing, squeezing, or twisting the genitals of [C.C.], then you will find the defendant guilty of injury to a child as charged in the indictment.
> If you do not so believe, or if you have a reasonable doubt thereof, *or if you are unable to agree*, you will next consider whether the defendant is guilty of the lesser included offense of injury to a child causing bodily injury.

V.

> Now, if you believe from the evidence beyond a reasonable doubt that on or about the 4th Day of May, 2014, in Bexar County, Texas, the defendant, Mark Medel, did intentionally or knowingly cause bodily injury to [C.C.], a child who was fourteen (14) years of age or younger, by striking [C.C.] with the hand of Mark Medel, or striking [C.C.] with a broom, or striking [C.C.] with a belt, or striking [C.C.] with an object unknown to the grand jury, or striking [C.C.] against an object unknown to the grand jury, or burning [C.C.] with a lighter, or burning [C.C.] with an object unknown to the grand jury, or grabbing, squeezing, or twisting the genitals of [C.C.], then you will find the defendant guilty of the lesser included offense of injury to a child causing bodily injury.
> If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

(emphasis added). The jury was also instructed as follows:

> After you have retired to your jury room, you should select one of your members as your "presiding juror." It is his or her duty to preside at your deliberations, vote with you and, when you have unanimously agreed upon a verdict, to certify your verdict by signing the same as "presiding juror."

We hold the trial court did not err in submitting the jury charge because it did "not allow for the possibility of a non-unanimous verdict." *Cosio*, 353 S.W.3d at 776. The jury was instructed that it was required to unanimously agree upon a verdict. The jury also was instructed not to consider the lesser-included offense unless the jury was unable to agree on whether Medel committed the charged offense of injury to a child causing serious bodily injury. Accordingly, the jury was instructed to consider the lesser-included offense only if it could not unanimously agree on the charged offense, and, if the jury considered the lesser-included offense, it was instructed its decision as to that offense had to be unanimous. Medel's first issue is overruled.

## ELECTION BY THE STATE

In his second issue, Medel contends the trial court erred in not requiring the State to elect between the indicted offense of injury to a child causing serious bodily injury and the lesser-included offense of injury to a child causing bodily injury. We disagree.

When the evidence at trial shows that only one offense was committed, but the evidence could prove either the charged offense or a lesser-included offense, the State must either: (1) elect which offense upon which it will proceed; or (2) have the lesser-included offense submitted as an alternative to the charged offense in the jury charge. *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). Because the State chose to have the lesser-included offense of injury to a child causing bodily injury submitted in the charge as an alternative to the charged offense of injury to a child causing serious bodily injury, the State was not required to elect to proceed on only one offense. *Id*. Therefore, Medel's second issue is overruled.

## JURY ARGUMENT

In his final issue, Medel contends a portion of the State's argument at the close of the guilt-innocence phase of trial "confused, mislead and prejudiced the jury into believing it could convict

even if the jury was not unanimous as to each separate count in the charge." Specifically, Medel complains about the following portion of the State's argument:

> Now in the charge there's a specific sentence that goes through the different ways he was struck and the injuries that were caused. Ladies and gentlemen, you don't have to agree to all of these different types. Specifically it says, or in the charge. That means you don't have to agree. You could think it happened by a belt. You could think it happened by a broom. It specifically says an object unknown to the grand jury. Whatever blunt object as Doctor Lukifer described could have caused this injury and you believe it. That's why you can — five of you could agree to one way another five and two more to another way. You still can find him guilty if you believe it beyond a reasonable doubt.

First, we note Medel did not object to the jury argument, so his complaint is waived. *Hernandez v. State*, No. PD-1389-16, 2018 WL 357612, at \*3 (Tex. Crim. App. Jan. 10, 2018); *Orcasitas v. State*, 511 S.W.3d 213, 220 (Tex. App.—San Antonio 2015, no pet.). Even if the complaint had been preserved, however, we agree with the State that the argument was a correct statement of the law. *See Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006) (holding unanimity regarding manner or means of committing offense not required where "focus of the statute is the result of the defendant's conduct (in this case, serious bodily injury to a child) and not the possible combinations of conduct that cause the result"). Medel's third issue is overruled.

## REFORMATION OF JUDGMENT

In its brief, the State notes the judgment erroneously reflects the offense for which Medel was convicted as "INJURY TO CHILD-SBI-INTENT/KNO." We also note the judgment erroneously reflects the statute for the offense is section 22.04(A)(1) of the Texas Penal Code.

Texas Rule of Appellate Procedure 43.2(b) gives an appellate court the authority to modify a trial court's judgment and affirm it as modified. TEX. R. APP. P. 43.2(b). "Where [the appellate court] has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal." *Knight v. State*, 581 S.W.2d 692, 694 (Tex. Crim. App. 1979). Accordingly, we reform the trial court's judgment to reflect that Medel was convicted of the

offense of injury to a child causing bodily injury under section 22.04(a)(3) of the Texas Penal Code.

## CONCLUSION

The trial court's judgment is affirmed as reformed.

Karen Angelini, Justice

DO NOT PUBLISH