Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00083-CR

Adrian Lee **MORALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-10686
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  June 10, 2009

AFFIRMED IN PART; VACATED IN PART

Adrian Lee Morales was convicted of one count of aggravated sexual assault, two counts of

sexual assault, and one count of aggravated kidnapping. On appeal, Morales contends that the

evidence is factually insufficient to support his convictions of all four counts. Morales also contends

that his right to be free from double jeopardy under both the United States and Texas Constitutions

was violated. Although we conclude the evidence is factually sufficient to support Morales's

convictions, we sustain Morales's double jeopardy complaint and vacate Morales's conviction for sexual assault under Count III of the indictment.

## BACKGROUND

The victim, Michaelyn McNeill, dated Morales for several months in 2006 before she and her two-year-old son moved in with him. When Morales and McNeill broke up in August of 2006, McNeill left several baskets of clothes at Morales's house. According to McNeill, Morales would occasionally leave baskets containing some of her clothes outside of his house for her to collect.

On August 25, 2006, Morales called McNeill and told her that he would leave some of her clothes outside of the house. When McNeill went to pick up the clothes, McNeill testified that Morales grabbed her from behind, took her into the house, and dragged her upstairs to the bedroom, where he choked and raped her. According to McNeill, Morales ordered her to take a shower after the intercourse and then forced her to return to the bed. McNeill testified she struggled to get free and ran down the stairs in an effort to escape. As McNeill tried to flee, Morales grabbed a butcher knife and forced McNeill back upstairs to perform oral sex on him. Afterwards, McNeill went downstairs, ran out of the house, got into her car, and called 911.

The jury convicted Morales of aggravated assault as alleged in Count I of the indictment, two offenses of sexual assault as alleged in Counts II and III of the indictment, and aggravated kidnapping as alleged in Count IV of the indictment.[1] The jury assessed Morales's punishment at twenty years confinement as to each count to run concurrently.

---

[1] For clarity purposes, we note that Count I of the indictment is based on the second sexual encounter in which Morales forced McNeill to perform oral sex on him. Count II of the indictment is based on the first sexual encounter in which Morales vaginally penetrated McNeill without her consent. Count III of the indictment is based on the second sexual encounter in which Morales forced McNeill to perform oral sex on him. Finally, Count IV of the indictment is based on the initial abduction of McNeill by Morales.

## SUFFICIENCY OF THE EVIDENCE

Morales contends the evidence is factually insufficient to support his convictions of all four counts charged in the indictment. Morales contends that he and McNeill engaged in consensual sex, during which they both became physically abusive to one another. As a result, Morales asserts the evidence is indicative of a family violence assault rather than aggravated sexual assault, sexual assault, or kidnapping.

We review the factual sufficiency of the evidence by reviewing the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). Although we analyze all of the evidence presented at trial, the fact finder is the exclusive judge of the witnesses' credibility and the weight to be given to their testimony. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). We give due deference to the fact finder's determination and cannot substitute our own judgment for that of the fact finder. *Johnson*, 23 S.W.3d at 9. Under a factual sufficiency review, we will only reverse if the evidence is so weak that it makes the verdict clearly wrong or manifestly unjust, or the verdict goes against the great weight and preponderance of the evidence. *Watson*, 204 S.W.3d at 414-15. Evidence is so weak as to make a verdict clearly wrong or manifestly unjust if the jury's finding "shocks the conscience" or "clearly demonstrates bias." *Santellan v. State*, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997).

One way in which the crime of aggravated sexual assault can be committed is if the actor intentionally or knowingly causes his/her sexual organ to contact or penetrate the mouth of another person, without that person's consent, and the actor uses or exhibits a deadly weapon in the course of the sexual assault. TEX. PEN. CODE ANN. § 22.021(a)(1)(A)(ii), (a)(2)(A)(iv) (Vernon Supp.

2008).  Two ways sexual assault can be committed are if the actor intentionally or knowingly causes his/her sexual organ to contact or penetrate (1) the sexual organ of another person without that person's consent or (2) the mouth of another person, without that person's consent, respectively. TEX. PEN. CODE ANN. § 22.011(a)(1) (Vernon Supp. 2008).

Count II of the indictment charged Morales with sexual assault by intentionally or knowingly causing his sexual organ to contact or penetrate McNeill's sexual organ without her consent.[2]  Here, McNeill testified that after pulling her into the house, Morales forced her upstairs.  McNeill testified that in the upstairs bedroom, Morales grabbed the bottom of her pant leg and pulled off her pants as she was crying, kicking, and screaming.  According to McNeill, Morales threw her on the bed and began choking her as he proceeded to rape her.  McNeill testified that Morales put his penis in her vagina.  McNeill testified that she scratched Morales's chest and arms and bit his finger in an effort to make him stop, but she eventually gave up.  The description of McNeill's injuries in the report prepared by Colleen Palacios, a sexual assault nurse examiner, were consistent with McNeill's account of the sexual assault.  The report indicates McNeill sustained scratches, bruises, and bumps all over her body, evidencing that McNeill was involved in a struggle.  While the vaginal exam did not reveal any trauma, the program coordinator Shelly Botello, who supervised Nurse Palacios, testified that the lack of trauma was not unusual in sexual assault victims who are menstruating.[3]

Morales sought to convince the jury that he and McNeill had consensual sex, which escalated into a physical fight.  To support his version of the events, Morales presented two witnesses, his

---

[2] We begin our discussion with Count II of the indictment and address each sexual encounter in chronological order.

[3] At the time of the sexual assault, McNeill was menstruating.

cousin and his mother as witnesses. Morales's cousin testified that she had spoken to McNeill on the phone when McNeill was still at Morales's house after the first sexual encounter. Morales's cousin testified that McNeill did not say anything about being raped or beaten but said everything was okay. Morales's mother also testified that McNeill and Morales would both physically and verbally fight all the time. In addition, Deputy Ken Murray, who was dispatched to Morales's house, testified that Morales told him that McNeill showed up looking like she had been beaten up and then they had consensual sex.

The jury is the exclusive judge of the witnesses's credibility and the weight to be given to their testimony, and it is within the jury's province to believe McNeill's testimony over Morales's evidence. *See Swearingen*, 101 S.W.3d at 97. Therefore, based on the evidence, the jury could reasonably believe that Morales sexually assaulted McNeill by causing his sexual organ to penetrate her sexual organ without her consent. The evidence is not so weak that it makes the verdict clearly wrong or manifestly unjust, and the verdict does not go against the great weight and preponderance of the evidence. *See Watson*, 204 S.W.3d at 414-15.

In Count I of the indictment, Morales was charged with aggravated sexual assault, and in Count III of the indictment, Morales was charged with sexual assault. McNeill testified that after she took a shower, Morales used a butcher knife to force her to perform oral sex on him. McNeill testified that Morales slapped her in the back of the head with the knife, called her a stupid bitch, and forced her back upstairs after she tried to flee. McNeill testified that Morales then put the knife to her throat and told her he would cut her into little pieces, put her in a bag, and dump it. Because the jury is the exclusive judge of McNeill's credibility and the weight to be given to her testimony, we must give due deference to the jury's factual determination that Morales used a butcher knife to force

McNeill to perform oral sex on him. *See Swearingen*, 101 S.W.3d at 97; *Johnson*, 23 S.W.3d at 9; *see also Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (holding that a victim's testimony regarding the defendant's sexual organ penetrating her sexual organ is sufficient to support a conviction for aggravated sexual assault). Accordingly, viewing the evidence in a neutral light, we hold that the evidence supporting the aggravated sexual assault conviction of Count I and sexual assault conviction of Count III is not so weak that it is clearly wrong or manifestly unjust or against the great weight and preponderance of the conflicting evidence. *See Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 7.

A person commits the offense of aggravated kidnapping if he "intentionally or knowingly abducts another person with the intent to inflict bodily injury on [her] or abuse [her] sexually" or if he "intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense." TEX. PEN. CODE ANN. § 20.04(a)(4), (b) (Vernon 2003); *see also Hines v. State*, 75 S.W.3d 444, 446 (Tex. Crim. App. 2002). "Abduct" means to restrain a person with the intent to prevent his liberation by either secreting or holding him in a place where he is not likely to be found, or using or threatening to use deadly force. TEX. PEN. CODE ANN. § 20.01(2) (Vernon Supp. 2008). "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another, or by confining the person. TEX. PEN. CODE ANN. § 20.01(1) (Vernon Supp. 2008).

Here, the evidence is factually sufficient to sustain Morales's conviction as charged in Count IV of aggravated kidnapping. The indictment alleged Morales intentionally and knowingly abducted McNeill by "USING AND THREATENING TO USE DEADLY FORCE and with the INTENT TO VIOLATE AND ABUSE COMPLAINANT SEXUALLY." The court's charge tracked the

indictment. The evidence presented at trial shows that Morales put his hand over McNeill's mouth and wrapped his arms around her chest and waist to pull her inside the house and then upstairs to the bedroom, where he sexually assaulted her. The evidence also shows that Morales forced McNeill to perform oral sex on him and prevented McNeill from leaving the house by threatening her with a butcher knife. Accordingly, under either definition of aggravated kidnapping, the jury could reasonably believe that Morales abducted McNeill with the intent to inflict bodily injury on her or abuse her sexually or intentionally or knowingly abducted her and used or exhibited a deadly weapon during the commission of the offense. *See* TEX. PEN. CODE § 20.04(a)(4), (b) (Vernon Supp. 2008). Giving due deference to the jury's determination of the facts and viewing the evidence in a neutral light, we cannot say that the evidence supporting the aggravated kidnapping conviction as charged in Count IV is factually insufficient. *See Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 9.

## DOUBLE JEOPARDY

Morales also contends that his convictions for Count I, aggravated sexual assault, and Count III, sexual assault, violate his right to be free from double jeopardy under the United States and Texas Constitutions. Because both convictions are based on the same sexual assault conduct, Morales argues he is being punished more than once for the same offense. Although the State concedes in its brief that "this court has the authority to set aside appellant's conviction and judgment for Count III," the State asserts in its prayer for relief that "this case should in all things be affirmed." *See Bluitt v. State*, 137 S.W.3d 51, 53-54 (Tex. Crim. App. 2004) (addressing the merits of an issue the State raised for the first time on appeal despite its concession in the court of appeals).

Multiple punishments for the same offense are barred as violations of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. *Brown v. Ohio*, 432 U.S. 161, 164 (1977). "The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted [and] from being punished more than once for the same offense." *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008). In addition, Article I, Section 14 of the Texas Constitution contains a similar provision that is conceptually identical to its federal counterpart. *Stephens v. State*, 806 S.W.2d 812, 814-815 (Tex. Crim. App. 1990).

Whether two offenses are the "same" for double jeopardy purposes is determined by examining the language contained in the charging instrument and will depend on the evidence adduced at trial. *See Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). Greater and lesser included offenses are considered the "same" offense for double jeopardy purposes. *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). An offense is considered to be included within another offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2007); *Parrish*, 869 S.W.2d at 354.

When a defendant is convicted of multiple offenses that are the "same" for double jeopardy purposes, we must retain the conviction for the "most serious" offense and the other convictions should be set aside. *See Bigon v. State*, 252 S.W.3d 360, 372-73 (Tex. Crim. App. 2008); *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). The "most serious" offense is the

conviction in which the greatest sentence was assessed. *See Bigon*, 252 S.W.3d at 373; *Cavazos*, 203 S.W.3d at 338.

While the evidence shows that Morales committed more than one sexual offense on the day in question, Counts I and III against Morales charge Morales with the same offense because the same sexual conduct, which involved Morales forcing McNeill to perform oral sex on him, is being used to prove both counts. *See* Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2007); Tex. Pen. Code Ann. §§ 22.011, 22.021 (Vernon Supp. 2008) (requiring the State to prove sexual assault in order to prove aggravated sexual assault). In Count I of the indictment, Morales was charged with intentionally and knowingly causing his male sexual organ to contact and penetrate McNeill's mouth without her consent by the use of physical force and violence and "in the course of the same criminal episode, [he] intentionally and knowingly used and exhibited a deadly weapon." In Count III, the State alleged that Morales intentionally and knowingly caused his male sexual organ to contact and penetrate McNeill's mouth without her consent by the use of physical force and violence.

After examining the charging instrument and reviewing the evidence adduced at trial, it is clear that the evidence proving Morales forced McNeill to perform oral sex on him is being used to convict Morales of both aggravated sexual assault and sexual assault. *See Ochoa*, 982 S.W.2d at 908. When a defendant is being convicted of aggravated sexual assault and the lesser included offense of sexual assault based on the same sexual assault conduct, he suffers multiple punishments for the same offense. *See id.*; *see also Cavazos*, 203 S.W.3d at 337 (explaining that a defendant suffers multiple punishment when he is convicted of the same offense).[4] Accordingly, we must modify the judgment and retain Morales's conviction for the "most serious" offense of aggravated

---

[4] In view of the foregoing, the State, with good reason, concedes error.

sexual assault and vacate Morales's conviction for sexual assault as charged in Count III.  *See Bigon*,

252 S.W.3d at 373; *Cavazos*, 203 S.W.3d at 338.

## CONCLUSION

Based on the foregoing, we vacate the judgment of sexual assault as charged in Count III of

the indictment, and we affirm the remaining judgments.


Marialyn Barnard, Justice

Do Not Publish