# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00075-CR

---

**Michael Lee Martin, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 20TH DISTRICT COURT OF MILAM COUNTY**
**NO. CR27,645, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Michael Lee Martin was charged with aggravated sexual assault of a child, which is a first-degree felony. *See* Tex. Penal Code § 22.021. After being charged, Martin agreed to plead guilty to the offense of indecency with a child by contact, which is a second-degree felony. *See id.* § 21.11. The plea paperwork reflected that the State agreed to proceed only on the lesser-included offense of indecency with a child, that Martin agreed to enter an open plea for the lesser offense, and that he agreed to waive several rights, including his right to appeal. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (describing "charge-bargaining," including cases in which defendant pleads guilty to lesser or related offense, as one type of plea bargain); *see also Ochoa v. State*, 955 S.W.2d 389, 393 (Tex. App.—San Antonio 1997) (explaining that indecency with child can be lesser-included offense of aggravated sexual assault of child), *aff'd*,

982 S.W.2d 904 (Tex. Crim. App. 1998). During the plea hearing, Martin pleaded guilty "to the lesser included second degree felony charge" of indecency with a child. The trial court later sentenced Martin to nineteen years' imprisonment. *See* Tex. Penal Code § 12.33.

The trial court issued a certification regarding Martin's right to appeal and initially certified that this case was a plea-bargain case and that Martin had no right to appeal. *See* Tex. R. App. P. 25.2 (setting out defendant's right to appeal and requiring certification of defendant's right of appeal). The trial court later issued another certification stating that the case was not a plea-bargain case and that Martin had the right to appeal his sentence. Following that certification, Martin filed a motion requesting permission to appeal the case in which he stated that the punishment assessed by the trial court "did not exceed that recommended by the prosecutor and agreed to by . . . Martin and . . . Martin's attorney." Further, Martin explained that "[i]n order to perfect an appeal" in this "plea bargain case," he needed "permission of the Court to appeal" his sentence. The trial court granted the motion and authorized Martin to appeal. However, no new certification concerning Martin's right to appeal was issued.

Although the more recent certification specified that Martin had the right to appeal because this is not a plea-bargain case, the record, as summarized above, shows that the certification may be defective. A certification is defective if, among other reasons, it appears "correct in form but which, when compared with the record before the court, proves to be inaccurate," *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005), and appellate courts are obligated "to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate," *id.*; *see* Tex. R. App. P. 34.5(c)(2) (authorizing appellate court to require trial court to prepare certification of defendant's right to

2

appeal), 37.1 (requiring appellate clerk to inform parties when there is defect in certification of defendant's right to appeal in criminal case).

In order to resolve any potential defects in the certifications, we abate this appeal and instruct the trial court to prepare and file with this Court an amended certification specifying whether this was a plea-bargain case, whether Martin has a right to appeal, and if applicable, whether the trial court gave Martin permission to appeal. *See* Tex. R. App. P. 34.5(c)(2), 37.1; *see also Lockett v. State*, No. 03-23-00736-CR, 2024 WL 79861, at *1 (Tex. App.—Austin Jan. 5, 2024, no pet.) (order & mem. op., not designated for publication) (per curiam) (abating case where there was discrepancy between certification and trial court's later granting permission to appeal). In addition, the trial court is instructed to prepare findings of fact and conclusions of law explaining how it made the determinations listed above. The supplemental clerk's record containing the amended certification and the findings and conclusions are ordered to be forwarded to this Court within fifteen days of the date reflected in this opinion.

It is so ordered on April 24, 2025.


Before Justices Triana, Theofanis, and Crump

Abated and Remanded

Filed: April 24, 2025

Do Not Publish